**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**THIEN VAN VO, Defendant–Appellant.**

**No. 95CA1840.**

Colorado Court of Appeals, Div. V.

Dec. 12, 1996.

Rehearing Denied Jan. 16, 1997.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney Gen-

eral, Timothy M. Tymkovich, Solicitor General, Roger G. Billotte, Assistant Attorney General, Denver, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, Julie Iskenderian, Deputy State Public Defender, Denver, for Defendant–Appellant.

Opinion by Judge RULAND.

Defendant, Thien Van Vo, appeals the surcharges imposed in connection with a sentence to probation following his guilty plea to second degree sexual assault, a class four felony. Defendant's single argument on appeal is that the imposition of two statutory surcharges violates the prohibition against double jeopardy in Colo. Const. art. II, § 18. We disagree and therefore affirm.

The two surcharges imposed and challenged in the present case are authorized by statute. *See* § 18–21–103(1)(c), C.R.S. (1996 Cum.Supp.)(each person convicted of a class four sex offense shall pay $1,000 which shall be applied to the sex offender surcharge fund); §§ 24–4.2–104(1)(a)(II)(A) & (B), C.R.S. (1996 Cum.Supp.)(in addition to the general surcharge applicable to all felony convictions, each person convicted of second degree sexual assault shall pay a $1,000 surcharge which shall be applied to the victims and witnesses assistance and law enforcement fund).

Our analysis of defendant's claim under the state constitution is governed by principles established under the double jeopardy clause of the federal constitution. *People v. Haymaker,* 716 P.2d 110 (Colo.1986)(state constitutional double jeopardy claims challenging cumulative punishments arising from a single prosecution are analyzed according to federal constitutional principles).

With respect to separate cumulative punishments for multiple offenses, certain double jeopardy principles are well-established, including that:

> [T]he federal and state Double Jeopardy Clauses play a more limited role in protecting an accused against multiple punishments imposed in the same criminal prosecution for statutory offenses proscribing the same conduct.... A court may impose cumulative punishment in a single trial for statutory offenses proscribing the same conduct only so long as the legislature has specifically authorized cumulative punishment for the statutory offenses.

*Boulies v. People,* 770 P.2d 1274, 1278–1279 (Colo.1989).

■ Thus, the determination whether the two statutory surcharges at issue constitute unconstitutionally cumulative punishments turns on the question of legislative authorization. If it is evident that the General Assembly intended to impose multiple punishments for a single conviction, *i.e.,* a fine and a jail term, "it could not be seriously argued that the imposition of both ... constituted an impermissible punishment." *Whalen v. United States,* 445 U.S. 684, 688, 100 S.Ct. 1432, 1436, 63 L.Ed.2d 715, 721 (1980).

■ The surcharges at issue here are punitive in nature and are functionally the same as mandatory fines. *See People v. Stead,* 845 P.2d 1156 (Colo.1993)(drug offender surcharges constitute "punishment" for purposes of *ex post facto* analysis). Further, by enacting the surcharge provisions and specifically denominating second degree sexual assault as a surchargeable offense, the General Assembly intended to enhance the sanctions for a second degree sexual assault conviction. Therefore, we conclude that imposition of the surcharges in this case did not violate the double jeopardy clause of the state constitution.

The sentence is affirmed.

MARQUEZ and TAUBMAN, JJ., concur.