**The PEOPLE of the State of Colorado,**
**Plaintiff–Appellee,**

v.

**Thomas W. McQUARRIE,**
**Defendant–Appellant.**

**No. 01CA1966.**

Colorado Court of Appeals,
Div. II.

Nov. 7, 2002.

Rehearing Denied Jan. 2, 2003.

Ken Salazar, Attorney General, Deborah I. Pratt, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Thomas W. McQuarrie, Pro Se.

Opinion by Judge TAUBMAN.

Defendant, Thomas W. McQuarrie, appeals the district court's order denying his Crim. P. 35 motion. We affirm in part and reverse in part.

Defendant pleaded guilty to unlawful distribution of a schedule II controlled substance and, on February 5, 1996, was sentenced to a ten-year prison term. Although the minute order and the mittimus indicate that defendant must pay $2280 in costs and surcharges as part of his sentence, the sentencing court did not mention this obligation at the sentencing hearing.

Defendant filed the motion at issue on July 23, 2001, claiming that the costs and surcharges were illegal and amounted to a second punishment in violation of the constitutional prohibition against double jeopardy because they were not imposed until after his sentencing hearing. The district court denied the motion without a hearing, and this appeal followed.

Initially, we note that the People do not contest the timeliness of defendant's motion, and the trial court considered the motion on the merits. Under these circumstances, we will do the same. See People v. Kilgore, 992 P.2d 661 (Colo.App.1999).

Defendant contends that the trial court violated his right to be free from double jeopardy when it assessed various costs and surcharges against him outside his presence and after the pronouncement of his sentence of confinement in open court. We agree in part.

■ The Double Jeopardy Clauses of the United States and Colorado Constitutions protect a defendant from being twice punished for the same offense. See Witte v. United States, 515 U.S. 389, 115 S.Ct. 2199, 132 L.Ed.2d 351 (1995); Righi v. People, 145 Colo. 457, 359 P.2d 656 (1961). Thus, increasing a lawful sentence after it has been imposed and the defendant has begun serving it may, in certain circumstances, violate this aspect of double jeopardy protection. People v. Chavez, 32 P.3d 613 (Colo.App. 2001). Accordingly, a division of this court has held that increasing the amount of restitution after the defendant began serving his sentence impermissibly punished the defendant twice for the same offense. People v. Shepard, 989 P.2d 183 (Colo.App.1999). Similarly, another division of this court has held that changing a sentence from concurrent to consecutive, after the defendant began serving it, impermissibly punished the defendant twice for the same offense. People v. Sandoval, 974 P.2d 1012 (Colo.App.1998).

Recently, a division of this court addressed a double jeopardy issue in circumstances almost identical to those presented here. In People v. Howell, 64 P.3d 894, 2002 WL 31116762 (Colo.App. No. 01CA0905, Sept. 12, 2002), the trial court orally pronounced the defendant's sentence without any reference to assessment of costs. Subsequently, the court issued a mittimus that imposed court costs, including those related to the supervision of the defendant's probation.

The Howell division concluded that the imposition of such costs did not violate principles of double jeopardy because the costs at issue there were not a form of punishment, but rather sanctions that were essentially civil. The Howell division also noted that costs are not traditionally considered to be punishment and that the imposition of costs generally does not serve the goals of retribution and deterrence.

We agree with the reasoning in *Howell* and find it persuasive. Thus, to the extent defendant challenges the following costs and surcharges, he is not entitled to relief: docket fee, § 13–32–105(1), C.R.S.2002; victim compensation costs, § 24–4.1–119(1)(a), C.R.S.2002; and victims and witnesses surcharge, § 24–4.2–104(1)(a)(I), C.R.S.2002.

However, we reach a different conclusion with respect to the drug offender surcharge imposed in the mittimus against defendant pursuant to § 18–19–103(1), C.R.S. 2002. The post-sentencing imposition of a statutory surcharge in a criminal case does not, without more, constitute unconstitutionally cumulative punishment that violates the prohibition against double jeopardy. *See People v. Thien Van Vo*, 932 P.2d 849 (Colo. App.1996). However, in *People v. Stead*, 845 P.2d 1156 (Colo.1993), the supreme court held that the drug offender surcharge is considered punishment for purposes of ex post facto analysis because it is part of Colorado's criminal code and is imposed as a sanction only after an individual has been convicted of, or entered a plea of guilty to, a drug-related offense under Colorado's criminal code. More recently, in *Hudson v. United States*, 522 U.S. 93, 118 S.Ct. 488, 139 L.Ed.2d 450 (1997), the Supreme Court stressed that the Double Jeopardy Clause protects only against multiple criminal punishments for the same offense. Accordingly, we conclude that the drug offender surcharge, a criminal sanction, also constitutes punishment for purposes of double jeopardy analysis. *See People v. Shepard, supra.*

Moreover, the circumstances here are unlike those in *People v. Barth*, 981 P.2d 1102 (Colo.App.1999), in which a division of this court held that the belated imposition of a period of mandatory parole, which automatically attaches to a sentence by operation of law, for that reason does not violate double jeopardy principles. Here, in contrast, the drug offender surcharge imposed pursuant to § 18–19–103(1) may be waived in full or in part based upon a defendant's financial abili-

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24–51–1105, C.R.S.2002.

---

ty to pay. *See* § 18–19–103(6), C.R.S.2002. In this respect, it differs from the above-noted nonwaivable costs, the subsequent imposition of which does not violate double jeopardy principles. *See People v. Howell, supra.*

Thus, because the drug offender surcharge is considered punishment and is not mandatory in all cases, the Double Jeopardy Clause required the trial court to impose such a fine at the time that it imposed defendant's sentence in open court. *See People v. Reed*, 43 P.3d 644 (Colo.App.2001)(trial court is prohibited under Double Jeopardy Clause from increasing legal sentence once it has been imposed and defendant has began serving it).

Accordingly, the trial court's order is affirmed as to the imposition of the docket fee, victim compensation costs, and victims and witnesses surcharge and reversed as to the imposition of the drug offender surcharge.

Judge DAILEY and Judge CRISWELL* concur.