2014 COA 178

**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Cora E. ARCHULETA–FERALES, Defendant–Appellant.**

**Court of Appeals No. 13CA1559**

Colorado Court of Appeals, Div. VII.

Announced December 31, 2014

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24-51-1105, C.R.S. 2014.

Mesa County District Court No. 13CR441, Honorable Thomas M. Deister, Judge

John W. Suthers, Attorney General, Rebecca L. Williams, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee

Douglas K. Wilson, Colorado State Public Defender, Elizabeth Porter–Merrill, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant

Opinion by JUDGE MILLER

¶ 1 Defendant, Cora E. Archuleta–Ferales, appeals the drug offender surcharge imposed as part of her sentence for conspiracy to distribute a schedule II controlled substance. Because we conclude that the district court misconstrued its authority under section 18–19–103(6), C.R.S.2014, to waive any portion of the surcharge, we reverse that part of the sentence and remand for further proceedings.

## I. Background

¶ 2 Defendant pleaded guilty to conspiracy to distribute a schedule II controlled substance, a class three felony, in exchange for the dismissal of other charges and an eight-year prison sentence. At the providency hearing, the district court advised defendant that, in addition to the eight-year sentence, there would be a mandatory $3000 drug offender surcharge, which could not be waived. Defense counsel asked for clarification regarding the surcharge, arguing that section 18–19–103(6)(a) permitted "at least some portion of [the surcharge], if not all of it," to be waived if the court found that defendant was financially unable to pay it. The court replied: "[That provision] says that I cannot waive any of [the surcharge] if I can find that she can pay any of it.... So you have to show me that she can't pay any portion of it." Defense counsel disagreed with the court, pointing out that section 18–19–103(6)(c) "says the Court shall waive only that portion of the surcharge which the Court has found the Drug Offender is financially unable to pay," to which the court responded, "all I can tell you is that we are discouraged from waiving any portion of the moneys initially, based on the fact that you can have a means, some time [sic] in your life, to be able to pay portions of it, some or all of it." The court deferred any further discussion of the matter until sentencing.

¶ 3 At sentencing, defense counsel asked the court to waive all but $480 of the drug offender surcharge, based on defendant's testimony that she would likely only earn $4.99 per month while in prison, "unless the Court finds that, even in the longer term, given the fact that she did testify her expenses are more than her income, that the entire amount could be waived." The court rejected counsel's request, explaining that, "because I cannot find that [defendant] is financially unable to pay any portion of [the] surcharge, therefore I cannot waive any portion of that surcharge, pursuant to [section 18–19–103(6)(a)]."

## II. Statutory Construction

¶ 4 Defendant contends that the district court misconstrued its authority under section 18–19–103(6) to waive any portion of the $3000 surcharge. We agree.

### A. Standard of Review and Applicable Law

¶ 5 Statutory interpretation is a question of law that we review de novo. *People v. Steen,* 2014 CO 9, ¶ 9, 318 P.3d 487.

¶ 6 Our task in construing a statute is to ascertain and give effect to the General Assembly's intent. *People v. Hunter*, 2013 CO 48, ¶ 9, 307 P.3d 1083. In doing so, we look first to the plain language of the statute. *People v. Sexton*, 2012 COA 26, ¶ 16, 296 P.3d 157. We determine whether statutory language is ambiguous by considering the language itself, the context in which the language is used, and the broader context of the statute as a whole. *People v. Tixier*, 207 P.3d 844, 847 (Colo.App.2008). We must give consistent, harmonious, and sensible effect to all the statute's parts and avoid an interpretation or construction that would render any language meaningless. *People v. Perez–Hernandez*, 2013 COA 160, ¶ 19, —— P.3d ——. We must also reject any interpretation that would lead to an illogical or absurd result. *Frazier v. People*, 90 P.3d 807, 811 (Colo. 2004); *see* § 2–4–201(1)(c), C.R.S.2014 (a court must presume that the General Assembly intended a just and reasonable result). Finally, we attempt to harmonize any potentially conflicting provisions. *People v. Trujillo*, 261 P.3d 485, 488 (Colo.App.2010).

## B. Analysis

¶ 7 Section 18–19–103(6) states:

(a)  The court may not waive any portion of the surcharge required by this section unless the court first finds that the drug offender is financially unable to pay any portion of said surcharge.

(b)  The finding required by paragraph (a) of this subsection (6) shall only be made after a hearing at which the drug offender shall have the burden of presenting clear and convincing evidence that he is financially unable to pay any portion of the surcharge.

(c)  The court shall waive only that portion of the surcharge which the court has found the drug offender is financially unable to pay.

■ ¶ 8 Reading the statute as a whole, and harmonizing any possible conflicting provisions, we conclude that the General Assembly intended to give district courts the au-

thority to waive any portion of the otherwise mandatory drug offender surcharge that it finds the offender is financially unable to pay. Only if the court finds that the offender is able to pay the entire surcharge is it prohibited from waiving any part of the surcharge. *See People v. McQuarrie*, 66 P.3d 181, 183 (Colo.App.2002) (noting that section 18–19–103(6) permits the drug offender surcharge to be waived "in full or in part based upon a defendant's financial ability to pay").[1]

¶ 9 In our view, interpreting the statute to conclude that, if an offender is able to pay any portion of the surcharge, even one penny, the court may not waive any part of the surcharge, would (1) conflict with the plain language of subsection (c), which permits the waiver of any portion of the surcharge that the defendant is unable to pay, and (2) render subsection (c) meaningless.

¶ 10 Accordingly, we reverse the $3000 drug offender surcharge and remand the case to the district court with directions to reconsider, under our interpretation of the statute, defendant's request to waive at least a portion of the surcharge.

## III. Determination of Ability to Pay Surcharge

¶ 11 To provide guidance to the court and the parties on remand, we consider, and reject, defendant's further arguments that, when determining her financial ability to pay the $3000 surcharge, the district court erroneously considered (1) her family's contributions to her living expenses and (2) her future ability to pay the surcharge.

■ ¶ 12 Defendant argues that "[t]he court's reliance on [her] receiving money from her family was improper." However, nothing in the drug offender statute nor any other authority prohibits the court from considering such resources. On the contrary, section 16–18.5106(2), C.R.S. 2014, specifically requires the Department of Corrections to deduct from an inmate's bank account a minimum of twenty percent of all deposits made to that account, regardless of the source, and

---

1.  "Any" can mean "some." *See Webster's Third New International Dictionary* 97 (2002). Under that definition, subsection (a) authorizes the court to waive some of the surcharge if the offender is unable to pay some of the surcharge.

to apply those amounts to any court-ordered surcharge.

¶ 13 Defendant also argues that "[t]he inability to pay inquiry [in the statute] focuses on a person's *present* ability to pay, not the person's *future* ability to pay." On the contrary, section 2–4–104, C.R.S.2014, expressly states that, when construing statutory language, "[w]ords in the present tense include the future tense." *See also People v. Fogarty*, 126 P.3d 238, 241 (Colo.App.2005) (court acted within its discretion when determining that the defendant would be able to pay costs in the future where he was incarcerated and had only $85 in his prison account but indicated that he would be able to work upon his release); *People v. Griffiths*, 251 P.3d 462, 468 (Colo.App.2010) (upholding trial court's conclusion that the defendant was able to pay drug offender surcharge where she did not present evidence of her indigence beyond (1) her incarceration; (2) her indigence for purposes of representation; and (3) that she had been unemployed "for some time" and rented her home with one child living there).

¶ 14 The court may nonetheless consider defendant's historical expenses and income, as well as defendant's reasonable prospects for future employment in light of her disabilities and any assets she may have, in determining her ability to pay the surcharge. In doing so, however, the court should not speculate on future increases or decreases in income or expenses in the absence of a record basis for making such projections. *See, e.g., People v. Minjarez*, 81 P.3d 348, 353, 356 (Colo.2003) (trial court's findings must be supported by competent evidence in the record).

## IV.  Conclusion

¶ 15 The portion of defendant's sentence requiring her to pay the entire $3000 drug offender surcharge is reversed, and the case is remanded for the district court to reconsider, in accordance with the views expressed in this opinion, defendant's request to waive at least part of that surcharge. The court in its discretion may determine whether to accept additional evidence and whether to conduct an additional hearing.

JUDGE J. JONES and JUDGE BERGER concur.