COLORADO COURT OF APPEALS                    2016COA185

Court of Appeals No. 14CA0332
Mesa County District Court No. 13CR1242
Honorable Valerie Jo Robison, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Cody Lynn DeBorde,

Defendant-Appellant.

JUDGMENT AFFIRMED

Division II
Opinion by JUDGE HARRIS
Dailey and Furman, JJ., concur

Announced December 29, 2016

Cynthia H. Coffman, Attorney General, Joseph G. Michaels, Assistant Attorney
General, Denver, Colorado, for Plaintiff-Appellee

Douglas K. Wilson, Colorado State Public Defender, Inga K. Nelson, Deputy
State Public Defender, Denver, Colorado, for Defendant-Appellant

¶ 1       Under Colorado's so-called "wobbler" statute,[1] the court must vacate the defendant's felony conviction and enter a misdemeanor conviction in its place if the defendant successfully completes his community corrections or probationary sentence.  The primary issue raised in this appeal is whether the felony-level surcharge imposed as part of the original sentence must be reduced to a misdemeanor-level surcharge upon entry of the misdemeanor conviction.

¶ 2       Cody Lynn DeBorde pleaded guilty to one count of possession of a controlled substance, a level 4 drug felony.  The court imposed a mandatory $1500 felony drug offender surcharge as part of his sentence.  When DeBorde completed his community corrections sentence, the court vacated his felony conviction and entered a conviction for a class 1 misdemeanor.  DeBorde contends that once his conviction was reduced to a misdemeanor, the court should

---

[1] The term "wobbler" usually describes a "hybrid" offense that can be charged as either a felony or a misdemeanor.  *See, e.g., People v. Williams*, 57 Cal. Rptr. 2d 448, n.2 (Cal. Ct. App. 1996).  Here, the term describes an offense that "wobbles" from a felony to a misdemeanor upon the defendant's successful completion of the community-based portion of his sentence.

1

have likewise reduced his drug offender surcharge to the misdemeanor amount of $1000.

¶ 3    We conclude that the statute contemplates the vacation only of the felony *conviction*, not of the *sentence*. Accordingly, we agree that the amount of the drug offender surcharge is properly determined by the initial conviction.

¶ 4    DeBorde, though, also argues that he has no ability to pay any surcharge, no matter the amount, and that the court should have waived it. We determine that DeBorde did not meet his burden of demonstrating his inability to pay the surcharge.

## I.    Background

¶ 5    In 2013, as part of a plea deal, DeBorde pleaded guilty to one count of possession of a controlled substance and was sentenced to nine months in community corrections, with a stipulation that he was eligible for relief under the wobbler statute, section 18-1.3-103.5, C.R.S. 2016. Thus, if he successfully completed his community corrections sentence, his felony conviction would be converted to a misdemeanor conviction.

¶ 6     At the sentencing hearing, the district court also imposed various court costs and fees, including, in accordance with section 18-19-103, C.R.S. 2016, a drug offender surcharge.  Defense counsel requested that the court waive the drug offender surcharge because DeBorde was unable to pay it.  The court denied the request and imposed the full $1500 surcharge, noting that it did not have any evidence of DeBorde's inability to pay.  But, as detailed in DeBorde's presentence report, at the time of his arrest, DeBorde was homeless and unemployed and had been for a significant period.

¶ 7     DeBorde also asked the district court to set a review hearing so that, upon confirmation by the community corrections placement of his successful completion of the sentence, the court could, without further request by DeBorde, simply vacate the felony conviction and enter a misdemeanor conviction in its place.  The court denied this request as well, ruling that DeBorde had to file a motion and request relief under the wobbler statute.

¶ 8     Upon his successful completion of his sentence, DeBorde filed a motion seeking vacation of his felony conviction.  The district

court granted the motion, vacated the original conviction, and entered a conviction for a level 1 drug misdemeanor. Most of the $1500 surcharge remains outstanding.

## II.	Under the Wobbler Statute, Entry of a Misdemeanor Conviction Does Not Affect the Court's Prior Imposition of the Felony Drug Offender Surcharge

¶ 9	We first settle the question whether DeBorde's surcharge had to be reduced when his conviction was converted from a felony to a misdemeanor.[2]

¶ 10	The answer to that question turns on the interpretation of the surcharge and wobbler statutes, issues of statutory construction we review de novo. *See People v. Steen*, 2014 CO 9, ¶ 9. We conclude that the court properly applied these statutes.

¶ 11	Our primary duty in interpreting statutes is to give full effect to the intent of the General Assembly. *Ryan Ranch Cmty. Ass'n, Inc. v. Kelley*, 2014 COA 37M, ¶ 39. To determine legislative intent, we look first to the plain language of the statute. *State v. Nieto*, 993

---

[2] The People assert that DeBorde's claim amounts to a time-barred request for a reduction of his sentence under Crim. P. 35(b). We reject this contention and, instead, construe DeBorde's claim as a challenge to the propriety of a felony sentence pursuant to section 18-1-409(1), C.R.S. 2016.

P.2d 493, 500 (Colo. 2000). When the language of a statute is clear, we apply the statute as written. *Id.*

¶ 12    Each drug offender who is convicted or receives a deferred sentence "shall be required to pay a surcharge" in an amount set forthby statute. § 18-19-103(1). After DeBorde pleaded guilty to a class 4 drug felony, the court imposed the mandatory $1500 drug offender surcharge that corresponded to his offense of conviction. § 18-19-103(1)(d); *see also People v. McQuarrie*, 66 P.3d 181, 183 (Colo. App. 2002) (drug offender surcharge is considered punishment and must be imposed with the initial sentence).

¶ 13    DeBorde does not dispute that, at the time of sentencing, the court properly imposed the felony drug offender surcharge. But he maintains that when his conviction was reduced from a felony to a misdemeanor, the court was required to adjust the surcharge accordingly.

¶ 14    The wobbler statute provides that, for certain felony drug offenders, "the court shall order, upon successful completion of any community-based sentence to probation or to a community corrections program, the drug felony conviction vacated and shall

5

enter a conviction for a level 1 drug misdemeanor offense of possession of a controlled substance pursuant to section 18-18-403.5." § 18-1.3-103.5(2)(a).

¶ 15    The statute contains a single mandate: if the defendant successfully completes his sentence to probation or community corrections,[3] the court must substitute a misdemeanor conviction for the original felony conviction. The statute, however, does not similarly authorize the court to vacate any part of the defendant's original sentence and re-impose a new sentence.

---

[3] While the surcharge is part of a defendant's sentence, *see People v. Stead*, 845 P.2d 1156, 1160 (Colo. 1993), payment of the surcharge does not affect the defendant's eligibility to have his felony conviction vacated. A defendant becomes eligible for relief under the statute "upon successful completion of any *community-based sentence to probation or to a community corrections program.*" (emphasis added). § 18-1.3-103.5(2)(a), C.R.S. 2016. Subsection 2(b) instructs that the district court shall determine whether a sentence has been successfully completed, and notes that a "community-based sentence is not successfully completed if the defendant has not successfully completed the treatment as ordered by the court and determined appropriate to address the defendant's treatment needs." § 18-1.3-103.5(2)(b). Thus, successful completion of the "community-based sentence" means satisfactory completion of the supervision component of a defendant's sentence. *Cf. Martin v. People*, 27 P.3d 846, 859 (Colo. 2001) (statutory reference to "maximum sentence" only referred to the incarceration component of defendant's sentence).

¶ 16    The conviction and sentence together make up the judgment in a criminal case. *People v. Turner*, 644 P.2d 951, 953 (Colo. 1982). The wobbler statute, however, is directed only to the conviction portion of the judgment. If the legislature had intended to direct the court to also vacate any unfulfilled component of the defendant's *sentence*, and enter a new conviction and sentence, we presume that the legislature would have said so. As a well-settled matter of statutory construction, we must accept the General Assembly's choice of language and may not add or imply words that simply are not there. *Williams v. Dep't of Pub. Safety*, 2015 COA 180, ¶ 85; *see also Tatum v. Basin Res., Inc.*, 141 P.3d 863, 871 (Colo. App. 2005) ("Courts may not interpolate into a statute words that it does not contain, or extract a meaning which is not expressed by it.").

¶ 17    We find further support for our reading of the statute by observing that a surcharge must be imposed even when a defendant receives a deferred judgment and sentence. § 18-19-103(1). In those cases, no judgment of conviction is entered unless the defendant violates the terms of his deferred judgment. Under

DeBorde's theory, the legislature intended to impose, and then rescind, the surcharge requirement in every case, except where the deferred judgment is revoked. We generally avoid a construction of a statute that renders the result illogical. *M.T. v. People*, 2012 CO 11, ¶ 14.

¶ 18     Moreover, the statute contemplates that vacating the original felony conviction will occur only after successful completion of the defendant's sentence to probation or community corrections and without a sentencing hearing. In our view, the sequence of these events emphasizes that the sentence will not be affected by the court's later substitution of a misdemeanor conviction for the original felony conviction. § 18-1.3-103.5(2)(a) (felony conviction reduces to misdemeanor "upon successful completion" of a community-based sentence); *see also* § 18-1.3-103.5(2)(b) (district court determines "[w]hether a sentence is successfully completed"); § 18-1.3-103.5(1) (one purpose of wobbler statute is to incentivize offender to successfully complete sentences to probation and community corrections). The statute does not provide any procedural mechanism for re-sentencing; rather, the court

8

determines "without a jury" and with mere "notice to the district attorney and defendant" whether the defendant has successfully completed his community-based sentence, and then vacates the felony conviction. § 18-1.3-103.5(2)(b). Re-sentencing procedures, which would be required to impose a new drug offender surcharge, are simply not contemplated by the statute.

¶ 19 Our conclusion that the statute is intended to reduce the offense of conviction, not the sentence, also comports with the broader legislative scheme expressed in article 1.3 of title 18. *Johnson v. People*, 2016 CO 59, ¶ 18 ("[W]e must interpret a statute so as to effectuate the purpose of the legislative scheme."). The purpose of the wobbler statute is to allow offenders to "avoid a drug felony conviction" and its concomitant adverse collateral consequences if they successfully complete their community-based sentences. § 18-1.3-103.5(1). In our view, the drug offender surcharge is not an adverse collateral consequence of a drug felony conviction that the wobbler statute was designed to ameliorate;

instead, it is part of the defendant's sentence. *See McQuarrie*, 66 P.3d at 183.[4]

¶ 20    In sum, based on the language and purpose of the statutes, we conclude that the conversion of the defendant's felony conviction to a misdemeanor conviction under section 18-1.3-103.5 does not affect the amount of the drug offender surcharge required to be imposed under section 18-19-103. Thus, the proper surcharge for a defendant, like DeBorde, who is originally convicted of a class 4 drug felony, is $1500.

_____

[4] Our view is supported by our examination of a related statute. *See Sullivan v. Indus. Claim Appeals Office*, 22 P.3d 535, 538 (Colo. App. 2000) ("A court may . . . look outside the statute to related sources for the definition of an applicable term [and] must . . . attempt to harmonize other statutes relating to the same subject matter.") (citation omitted). Under section 18-1.3-303(3), C.R.S. 2016, the court may issue an order that relieves a defendant sentenced to a community corrections program of "any collateral consequences of the conviction . . . ." The statute defines a "collateral consequence" as a "collateral sanction," which, in turn, means "a penalty, prohibition, bar, or disadvantage . . . imposed on an individual," but does not include "imprisonment, probation, parole, supervised release, forfeiture, restitution, fine, assessment, [or] costs of prosecution . . . ." § 18-1.3-303(8)(a)-(b).

### III. Evidence of DeBorde's Ability to Pay the Drug Offender Surcharge

¶ 21    We next turn to whether the district court should have waived all or part of the felony drug offender surcharge based on a finding that DeBorde was unable to pay it. DeBorde contends that the trial court erred in failing to consider evidence in the record of his inability to pay the surcharge.

¶ 22    Although the surcharge is mandatory, the court may "waive any portion of the surcharge" if "the court first finds that the drug offender is financially unable to pay any portion of said surcharge." § 18-19-103(6)(a). The drug offender has the burden of proving that he is financially unable to pay by clear and convincing evidence, and "[t]he court shall waive only that portion of the surcharge which the court has found the drug offender is financially unable to pay." § 18-19-103(6)(b)-(c).

¶ 23    Whether a defendant has the financial ability to pay a statutorily mandated surcharge is a factual question we review for clear error. *People v. Griffiths*, 251 P.3d 462, 467 (Colo. App. 2010). If the record supports the trial court's findings, we should not disturb them on appeal. *Id.*

11

¶ 24     At the sentencing hearing, defense counsel requested that the court waive the drug offender surcharge. Counsel did not direct the court to any information in the presentence report. Instead, he relied on DeBorde's public defender application. While counsel admitted that the application "contains virtually no information regarding his financial status," he argued that the court could infer from the application and DeBorde's inability to bond out of jail that he "has basically nothing to his name" and therefore could not afford the surcharge.

¶ 25     The court rejected the request, stating that it did not "have any evidence at all," let alone clear and convincing evidence, of DeBorde's inability to pay. Accordingly, the court imposed the full $1500 surcharge. However, the court did not foreclose the possibility of reexamining its ruling, and invited DeBorde to submit additional evidence or affidavits demonstrating his inability to pay.

¶ 26     In imposing the full surcharge, the court did not indicate that it had considered the presentence report, which contained information that DeBorde was homeless and unemployed and had been for a "significant period of time," and that DeBorde "ha[d] not

12

earned a steady income in the past year and ha[d] no money or assets" and "no credit cards, bank accounts, or other income sources." And the court expressly declined to consider DeBorde's public defender application, which stated that he had no income or assets.

¶ 27    Even if we assume that the court should have considered information in the presentence report and the public defender application, we cannot conclude that the court clearly erred in finding that DeBorde had failed to carry his burden.

¶ 28    In determining whether a drug offender has the ability to pay the surcharge, courts consider both the offender's present and future ability to pay. *People v. Archuleta-Ferales*, 2014 COA 178, ¶ 13. In making this determination, courts evaluate the drug offender's "historical expenses and income, as well as [his] reasonable prospects for future employment in light of [his] disabilities and any assets []he may have." *Id.* at ¶ 14. In this inquiry, "the court should not speculate on future increases or decreases in income or expenses in the absence of a record basis for making such projections." *Id.*

¶ 29    While evidence in the presentence report may have supported a finding of DeBorde's present inability to pay, there was no evidence in the record of DeBorde's future inability to pay the surcharge. Nothing in the record indicated that DeBorde was unemployable; rather, he has a general education diploma (GED), requested work release, and indicated that he intended to find a job while serving his community corrections sentence. *See People v. Fogarty*, 126 P.3d 238, 241 (Colo. App. 2005) (court acted within its discretion when determining that the defendant would be able to pay costs in the future where he was incarcerated and had only $85 in his prison account but indicated that he would be able to work upon his release); *see also Griffiths*, 251 P.3d at 468 (despite current indigence, unemployment, and incarceration, defendant did not meet burden of demonstrating that she could not pay the drug offender surcharge when defendant had a GED and did not assert that she could not earn an income while incarcerated).

¶ 30    Moreover, DeBorde had an opportunity to supplement the record with additional evidence of his inability to pay, but he declined the district court's invitation to do so. Under these

14

circumstances, we will not disturb the court's determination that the evidence presented at the sentencing hearing failed to establish DeBorde's inability to pay the surcharge.

### IV. Burden to Seek Benefit of Wobbler Statute

¶ 31    Finally, DeBorde contends that, under the wobbler statute, the district court erred by placing the burden on him to show his entitlement to the entry of a misdemeanor conviction in place of his felony conviction. We conclude that this claim is moot. DeBorde filed the necessary motion, and the trial court granted it.

¶ 32    An appeal is moot if granting relief would have no practical effect on an actual or existing controversy. *See People v. Fritz*, 2014 COA 108, ¶ 21. Because DeBorde has already been granted relief on his motion to apply the wobbler statute, his claims on appeal on this issue are moot.

¶ 33    DeBorde concedes that the issue is moot, but argues that we should review it under the exception to the mootness doctrine that allows for review of a claim that is "capable of repetition, yet evading review." *People v. Back*, 2013 COA 114, ¶ 11. We acknowledge the

exception but disagree, as a factual matter, that this issue is likely to evade review.

¶ 34 As the People point out, this claim will be presented for review when a trial court rejects a defendant's request to set a review hearing for his expected date of completing community corrections, and the defendant appeals, but does not later file the necessary motion. Accordingly, we need not decide the issue here, when it would have no practical effect on an actual controversy.

## V. Conclusion

¶ 35 The judgment is affirmed.

JUDGE DAILEY and JUDGE FURMAN concur.