Opinions of the Colorado Supreme Court are available to the
public and can be accessed through the Judicial Branch's
homepage at http://www.courts.state.co.us.  Opinions are also
posted on the Colorado Bar Association's homepage at
http://www.cobar.org.

ADVANCE SHEET HEADNOTE
May 11, 2020

**2020 CO 39**

**No. 18SC905, *Waddell v. People*—Drug Offender Surcharge—Miscellaneous Surcharges—Imposition After Sentencing Hearing—Punishment—Double Jeopardy.**

The supreme court holds that the drug offender surcharge, which is a form of punishment, is statutorily mandated and, thus, the trial court's failure to order it in open court rendered the defendant's sentence on his level 1 drug felony conviction illegal and subject to correction at any time pursuant to Crim. P. 35(a). Therefore, the trial court's imposition of that surcharge after the sentencing hearing did not violate the defendant's rights under the Double Jeopardy Clauses of the United States and Colorado Constitutions.

The supreme court further holds that the trial court's imposition of five other surcharges after the sentencing hearing did not infringe the defendant's double jeopardy rights either.  Even assuming, without deciding, that these five surcharges constitute punishment, the supreme court rules that they are statutorily mandated and, thus, the trial court's failure to impose them in open

court rendered the defendant's sentences illegal and subject to correction at any time pursuant to Crim. P. 35(a).

**The Supreme Court of the State of Colorado**
2 East 14th Avenue • Denver, Colorado 80203

**2020 CO 39**

**Supreme Court Case No. 18SC905**
*Certiorari to the Colorado Court of Appeals*
Court of Appeals Case No. 16CA570

**Petitioner:**

David Scott Waddell,

**v.**

**Respondent:**

The People of the State of Colorado.

**Judgment Affirmed**
*en banc*
May 11, 2020

**Attorneys for Petitioner:**
Megan A. Ring, Public Defender
James S. Hardy, Lead Deputy Public Defender
    *Denver, Colorado*

**Attorneys for Respondent:**
Philip J. Weiser, Attorney General
William G. Kozeliski, Senior Assistant Attorney General
    *Denver, Colorado*

**JUSTICE SAMOUR** delivered the Opinion of the Court.

¶1 In this case and the companion case, *Yeadon v. People*, 2020 CO __, __ P.3d __, we address questions surrounding the imposition of surcharges after a sentencing hearing. Here, we first hold that the drug offender surcharge, which we long ago declared a form of punishment, is statutorily mandated and, thus, the trial court's failure to order it in open court rendered David Scott Waddell's sentence on his level 1 drug felony conviction illegal and subject to correction at any time pursuant to Crim. P. 35(a). Therefore, the trial court's imposition of that surcharge after the sentencing hearing did not violate Waddell's rights under the Double Jeopardy Clauses of the United States and Colorado Constitutions.

¶2 We further hold that the trial court's imposition of five other surcharges after the sentencing hearing did not infringe Waddell's double jeopardy rights either. Even assuming, without deciding, that these five surcharges constitute punishment, we conclude that they are statutorily mandated and, thus, the trial court's failure to impose them in open court rendered Waddell's sentences illegal and subject to correction at any time pursuant to Crim. P. 35(a).[1]

---

[1] We assume, without deciding, that Waddell's sentences were final at the conclusion of the sentencing hearing. As such, we do not address issues related to Waddell's expectation of finality at the end of the sentencing hearing.

2

¶3 Finally, because we remand the case to give Waddell an opportunity to request a waiver of the surcharges assessed, we do not reach the merits of his due process claim.

¶4 The court of appeals arrived at similar conclusions in this case. Accordingly, we affirm its judgment.

## I. Procedural History

¶5 As part of a global disposition involving three felony cases, Waddell pled guilty to the following substantive charges: possession of a controlled substance, a level 1 drug felony; attempted aggravated robbery, a class 4 felony; and vehicular eluding, a class 5 felony. At Waddell's combined sentencing hearing, the trial court failed to impose the following surcharges:

- the drug offender surcharge, pursuant to section 18-19-103(1), C.R.S. (2019);

- the rural alcohol and substance abuse ("rural") surcharge, pursuant to section 18-19-103.5(1), C.R.S. (2019);

- the restorative justice surcharge, pursuant to section 18-25-101(1), C.R.S. (2019);

- the offender identification fund ("genetic testing") surcharge, pursuant to section 24-33.5-415.6(1), (3)(a), CR.S. (2019);

- the victims and witnesses assistance and law enforcement fund ("victims assistance") surcharge, pursuant to section 24-4.2-104(1)(a)(I), C.R.S. (2019); and

- the crime victim compensation fund ("victim compensation") surcharge, pursuant to 24-4.1-119(1)(a), C.R.S. (2019).

3

After the sentencing hearing, however, the court included these surcharges on Waddell's mittimuses.

¶6 Waddell appealed his sentences. As relevant here, he argued that the late imposition of the surcharges violated his federal and state constitutional rights against double jeopardy. In an unpublished decision, a unanimous division of the court of appeals disagreed.

¶7 Although acknowledging that the drug offender surcharge is a form of punishment, the division nevertheless found that the addition of the surcharge on the relevant mittimus did not violate double jeopardy because the trial court was required by statute to impose it in open court and the failure to do so rendered the sentence on the level 1 drug felony conviction illegal and subject to correction at any time pursuant to Crim. P. 35(a). Turning to the restorative justice, genetic testing, and rural surcharges, the division determined that, even assuming they constitute punishment, they are as mandatory as the drug offender surcharge and, thus, the trial court's failure to impose them in open court rendered the corresponding sentences illegal and subject to correction at any time pursuant to Crim. P. 35(a). Lastly, the division ruled that the victims assistance and victim compensation surcharges are remedial or civil sanctions that do not constitute punishment for double jeopardy purposes.

¶8     Because the trial court imposed the surcharges outside Waddell's presence, the division remanded the matter to the trial court.  It instructed the trial court to afford Waddell an opportunity to request a waiver of all or any portion of the surcharges assessed.

¶9     Waddell then sought review of the division's decision.  And we granted certiorari to consider whether the surcharges imposed after the sentencing hearing violated his federal and state constitutional rights under the Double Jeopardy and Due Process Clauses.[2]

## II.  Standard of Review

¶10     Whether the trial court violated Waddell's rights under the Double Jeopardy Clauses hinges on the legality of the sentences imposed in open court.  The parties assert, and we agree, that whether the sentences imposed during Waddell's sentencing hearing were authorized by law is a question that we review de novo.

---

[2] We granted certiorari on the following issue:

> Whether surcharges imposed after a sentencing hearing, without notice or an opportunity to object or present evidence of inability to pay, violate a defendant's state and federal constitutional rights to due process and protections from double jeopardy consistent with *People v. McQuarrie*, 66 P.3d 181 (Colo. App. 2002), and contrary to *People v. Yeadon*, 2018 COA 104, __ P.3d __.

*See Veith v. People*, 2017 CO 19, ¶ 12, 390 P.3d 403, 406 (explaining that the legality of a defendant's sentence presents a question that we review de novo).[3]

## III. Analysis

¶11   The United States Constitution provides that a person shall not "for the same offense . . . be twice put in jeopardy of life or limb."  U.S. Const. amend. V. Similarly, the Colorado Constitution states that a person shall not "be twice put in jeopardy for the same offense."  Colo. Const. art. II, § 18.  The protective umbrella of these constitutional provisions affords shelter "against receiving multiple punishments for the same offense."[4]  *Allman v. People*, 2019 CO 78, ¶ 11, 451 P.3d 826, 829.  But are the challenged surcharges considered punishment such that double jeopardy concerns may be implicated here?  At least one of them is.  Almost

[3] We recognize that Waddell also raises a due process claim, arguing that the surcharges were imposed without notice and an opportunity to present evidence of his financial inability to pay them.  Because we remand with instructions to return the case to the trial court to give Waddell an opportunity to request a waiver of all or any part of the surcharges levied against him, we need not address the merits of this claim.

[4] The Double Jeopardy Clauses "do not, however, prevent the General Assembly from authorizing multiple punishments based on the same criminal conduct." *Friend v. People*, 2018 CO 90, ¶ 14, 429 P.3d 1191, 1194.  Hence, the Clauses simply embody "the constitutional principle of separation of powers by ensuring that courts do not exceed their own authority by imposing multiple punishments not authorized by the legislature."  *Id.* (quoting *Woellhaf v. People*, 105 P.3d 209, 214 (Colo. 2005)).

three decades ago, we concluded that the drug offender surcharge "is properly characterized as a punishment" imposed on defendants convicted of drug offenses. *People v. Stead*, 845 P.2d 1156, 1160 (Colo. 1993).

¶12    We have not had occasion to decide whether the five remaining surcharges constitute a form of punishment or whether they are merely remedial or civil sanctions that serve a purpose unrelated to punishment.[5] Because Waddell cannot prevail even if these surcharges amount to punishment, we need not answer that question today.  Instead, we assume, without deciding, that all five surcharges constitute punishment for double jeopardy purposes.

¶13    Under some circumstances, increasing a defendant's punishment after a lawful sentence is imposed and the defendant begins serving it "violates the double jeopardy protection against multiple punishments for the same offense." *Romero v. People*, 179 P.3d 984, 989 (Colo. 2007).  The parties contest whether the

---

[5] "A . . . sanction in the form of an assessment that is primarily remedial [or civil] rather than punitive does not violate principles of double jeopardy." *People v. Howell*, 64 P.3d 894, 899 (Colo. App. 2002).  Whether a particular sanction is punitive or civil requires the court to consider two related questions. *Hudson v. United States*, 522 U.S. 93, 99 (1997).  First, looking to the authorizing statute, did the legislature intend a punitive or a civil sanction? *Id.*  Second, even if the legislature indicated an intention to establish a civil penalty, is the statutory scheme primarily punitive in purpose or effect? *Id.*

trial court imposed Waddell's sentences and he began serving them before the six surcharges (including the drug offender surcharge) were added on his mittimuses. Because resolution of this disagreement is inconsequential, we assume, again without deciding, that the trial court added all of the surcharges after Waddell started serving the sentences imposed.[6]  The question that naturally follows is whether the trial court imposed *lawful* sentences in open court.  If it did, then the subsequent imposition of the surcharges may have violated Waddell's constitutional rights to be free from multiple punishments for the same offense. But if it didn't, then no double jeopardy infringement occurred because "a sentence that is contrary to legislative mandates is illegal and may be corrected at any time by a sentencing court without violating a defendant's rights against double jeopardy." *People v. Smith*, 121 P.3d 243, 251 (Colo. App. 2005); *accord* Crim. P. 35(a) ("The court may correct a sentence that was not authorized by law . . . at any time . . . .").

---

[6] The People argue that double jeopardy is not implicated in this case because Waddell's sentences were not final until the trial court signed the mittimuses containing the surcharges.  Consequently, aver the People, Waddell did not have an expectation of finality before then.  As we mentioned earlier, we leave the merits of this contention for another day.  For the reasons we articulate in some detail, Waddell's appeal cannot succeed even if, as he maintains, he had an expectation of finality at the conclusion of the sentencing hearing.

¶14    The protection against double jeopardy cannot prevent the correction of a sentence that's not authorized by law.  The Supreme Court has explained that the United States Constitution "does not require that sentencing should be a game in which a wrong move by the judge" in passing the sentence allows the defendant to escape punishment.  *Bozza v. United States*, 330 U.S. 160, 166–67 (1947).  And we have likewise made clear that "[g]ranting defendants a right to benefit from illegal sentences serves no sound public policy."  *People v. Dist. Court*, 673 P.2d 991, 997 (Colo. 1983).  Therefore, while the Double Jeopardy Clauses may function as a shield against multiple punishments, they may never be used as a sword to enforce an illegal sentence.

¶15    In order to determine whether the trial court imposed illegal sentences on Waddell in open court, we must consider whether the surcharges levied against him are statutorily mandated.  *Delgado v. People*, 105 P.3d 634, 636 (Colo. 2005) ("[I]f the sentence imposed is not in full compliance with statutory requirements it is illegal.").  Waddell claims that they are not.  Rather, urges Waddell, the trial court was authorized to forgo the imposition of all the surcharges.  We disagree.

## A.  The Drug Offender Surcharge

¶16    Section 18-19-103(1)(a) provides that "each drug offender who is convicted . . . *shall be required to pay* a surcharge . . . in the following amount[]: . . . [f]or each . . . level 1 drug felony . . . , four thousand five hundred

9

dollars[.]"[7] § 18-19-103(1)(a) (emphasis added). Like the division, we read the statutory phrase "shall be required to pay" as a mandate to the trial court to impose the drug offender surcharge whenever it sentences a drug offender. As we explained in *People v. Hyde*, 2017 CO 24, ¶ 28, 393 P.3d 962, 969, the "use of the word 'shall' in a statute generally indicates [the legislature's] intent for the term to be mandatory." *See also Ryan Ranch Cmty. Ass'n v. Kelley*, 2016 CO 65, ¶ 42, 380 P.3d 137, 146 (comparing "shall" to "must" and noting that each "connotes a mandatory requirement").

¶17 Relying on subsections (6)(a) and (6)(b) of the drug offender surcharge statute, however, Waddell insists that the surcharge cannot be deemed mandatory because the trial court has discretion to waive it. We are unpersuaded.

¶18 Subsection (6)(a) provides that "[t]he court may not waive any portion of the surcharge . . . unless the court first finds that the drug offender is financially unable to pay any portion of said surcharge." § 18-19-103(6)(a). And subsection (6)(b) states that such a finding "shall only be made after a hearing at which the

---

[7] It is undisputed that Waddell is a "drug offender" for purposes of section 18-19-103(1)(a) based on his level 1 drug felony conviction. *See* § 18-19-102(2), C.R.S. (2019) ("'Drug offender' means any person convicted of any offense under article 18 of this title or an attempt to commit such offense as provided by article 2 of this title.").

drug offender shall have the burden of presenting clear and convincing evidence that he is financially unable to pay any portion of the surcharge." § 18-19-103(6)(b). To be sure, when a defendant presents clear and convincing evidence at a hearing that he lacks the financial means to pay any portion of the drug offender surcharge, the trial court is vested with discretion to waive that portion of the surcharge. But absent a subsection (6)(a) finding following a subsection (6)(b) hearing, the trial court lacks authority to waive any portion of the surcharge. Because the trial court here did not hold the necessary hearing or make the necessary finding, it had no choice but to impose the mandatory surcharge. Consequently, the sentence imposed in open court was not authorized by law. *See People v. Baker*, 2019 CO 97M, ¶ 19, 452 P.3d 759, 762 ("[A] sentence is not authorized by law within the meaning of Rule 35(a) if any of the sentence's components fail to comply with the sentencing statutes.").

¶19     We are aware that a different division of the court of appeals reached a contrary conclusion in *People v. McQuarrie*, 66 P.3d 181 (Colo. App. 2002). The division there held that "the drug offender surcharge is . . . not mandatory" and that double jeopardy principles required the trial court to impose it during the sentencing hearing "in open court." *Id.* at 183. Because *McQuarrie* is inconsistent with this opinion and *Yeadon*, we now overrule it.

¶20    In sum, the sentence Waddell received on his level 1 drug felony conviction was not authorized by law because it did not include the mandatory drug offender surcharge.  As such, the sentence was subject to correction by the trial court at any time pursuant to Rule 35(a) without violating Waddell's rights under the Double Jeopardy Clauses.

## B.  The Remaining Five Surcharges

¶21    Our analysis of the remaining five surcharges closely parallels that of the drug offender surcharge.  We take up the restorative justice and rural surcharges first before turning to the genetic testing, victims assistance, and victim compensation surcharges.

¶22    The statute that sets forth the restorative justice surcharge and the statute that governs the rural surcharge contain mandatory language identical to that found in the drug offender surcharge statute.  The restorative justice statute provides that "[e]ach person who is convicted of a crime . . . *shall be required to pay* a ten-dollar surcharge."  § 18-25-101(1) (emphasis added).  The court may waive "all or any portion" of this surcharge only if it "finds that a person or juvenile is indigent or financially unable to pay all or any portion" of it.  § 18-25-101(4).  The rural statute states that "each drug offender and each alcohol- or drug-related offender who is convicted, or receives a deferred sentence . . . , *shall be required to pay* a surcharge."  § 18-19-103.5(1) (emphasis added).  And, though the trial court

12

enjoys some discretion in selecting the amount of this surcharge—"not less than one dollar nor more than ten dollars"—the court cannot decline to impose it entirely. *Id.*

¶23 For the same reason we concluded earlier that the statutory phrase "shall be required to pay" renders the drug offender surcharge mandatory, we now conclude that it also renders the restorative justice and rural surcharges mandatory. And just as the waiver provision in the drug offender surcharge statute did not alter our analysis of the drug offender surcharge, the waiver provision in the restorative justice statute does not change the mandatory nature of the restorative justice surcharge.

¶24 The last three surcharges—related to genetic testing, victims assistance, and victim compensation—are housed in statutes that do not include the phrase "shall be required to pay." However, the enacting statutes for these surcharges use language that's similarly mandatory: each surcharge "is hereby levied." *See* § 24-33.5-415.6(3)(a) (stating that a "cost of two dollars and fifty cents *is hereby levied*" for genetic testing "on each criminal action resulting in a conviction or in a deferred judgment and sentence . . . for a felony, a misdemeanor, or misdemeanor traffic offense, charged pursuant to state statute" (emphasis added)); § 24-4.2-104(1)(a)(I) (stating that a victims assistance surcharge in the amount specified "*is hereby levied* on each criminal action resulting in a conviction or in a

deferred judgment and sentence . . . , which criminal action is charged pursuant to state statute, or upon each petition alleging that a child is delinquent that results in a finding of guilty . . . or a deferral of adjudication" (emphasis added)); § 24-4.1-119(1)(a) (stating that a victim compensation surcharge "*is hereby levied* on each criminal action resulting in a conviction or in a deferred judgment and sentence . . . , which criminal action is charged pursuant to state statute" (emphasis added)).[8]

¶25 We read the statutory phrase "is hereby levied" as signaling an automatic and immediate imposition of the particular surcharges. Pursuant to the statutes in question, the genetic testing, victims assistance, and victim compensation surcharges are automatically and immediately imposed if certain circumstances are present. Thus, when, as here, the statutes' triggering circumstances are present, all three surcharges are mandatory.

¶26 That the trial court may waive each surcharge upon a finding that the defendant is indigent, *see* § 24-33.5-415.6(9); § 24-4.2-104(1)(c); § 24-4.1-119(1.5), does not alter this determination. Because the trial court did not make a finding

---

[8] To "levy" is defined by Black's Law Dictionary as follows: "[t]he imposition of a fine or tax; the fine or tax so imposed." *Levy*, Black's Law Dictionary (11th ed. 2019).

of indigency, Colorado law automatically and immediately levied all three surcharges on Waddell upon entry of his convictions. Absent a finding of indigency, the trial court had no choice but to order these mandatory surcharges.

¶27 In short, we conclude that, like the drug offender surcharge, the five other surcharges at issue here are statutorily mandated. We reiterate, though, that we do not decide today that these five surcharges constitute a form of punishment and are therefore components of a sentence. Instead, we simply hold that even assuming that's the case, the trial court's failure to impose them in open court rendered Waddell's sentences illegal and subject to correction at any time under Rule 35(a) without violating his right to protection from double jeopardy.

## IV. Conclusion

¶28 We affirm the division's judgment, though we do so on different grounds with respect to the victims assistance and victim compensation surcharges. Because the trial court added all six surcharges on the mittimuses outside Waddell's presence and without giving him an opportunity to ask for a waiver, we remand with instructions to return the case to the trial court to allow Waddell to request a waiver of all or any portion of the surcharges assessed.