23CA0251 Peo v Gonzalez 07-24-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 23CA0251
Arapahoe County District Court No. 15CR289
Honorable Joseph Whitfield, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Marlo Gonzalez,

Defendant-Appellant.

ORDER AFFIRMED

Division VII
Opinion by JUDGE LUM
Pawar and Martinez*, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced July 24, 2025

Philip J. Weiser, Attorney General, Alejandro Sorg Gonzalez, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, Kevin M. Whitfield, Deputy State Public Defender, Denver, Colorado, for Defendant-Appellant

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2024.

¶ 1    Defendant, Marlo Gonzalez, appeals the district court's order denying his motion to waive a $3,000 statutory drug offender surcharge. We affirm.

## I.    Background

¶ 2    In 2017, Gonzalez pleaded guilty to possession of a controlled substance with intent to distribute, a level 2 drug felony. *See* § 18-18-405(1), (2)(b)(I)(B), C.R.S. 2024. The court sentenced him to seven years in the custody of the Department of Corrections. At sentencing, the court ordered Gonzalez to pay a statutory drug offender surcharge of $3,000.

¶ 3    Gonzalez moved to waive the surcharge, and the court held a hearing regarding his ability to pay.

¶ 4    At the hearing, Gonzalez testified that he was not able to pay the surcharge and testified as follows regarding his income and expenses:

- Gonzalez's bank account showed a balance of $50 at the time of the hearing. He had no savings account, property, or vehicles.

- Gonzalez earned up to $13 per month through his job in prison.

- Other than the $100 they deposited into his account approximately twice a year, Gonzalez's family members weren't able to assist him financially.

- Gonzalez owed about $15,000 in vehicle loan payments and an additional $15,000 in child support.

¶ 5 On cross-examination, the People elicited the following information from Gonzalez about his income, education level, and expectations for work after his release:

- Gonzalez had a GED and had taken various skills and college-level academic courses in prison.

- Before his incarceration, Gonzalez earned $5,200 per month (or $62,400 annually) working in construction. At the time of the hearing, Gonzalez had been out of the construction industry for seven years.

- Upon his release, Gonzalez expected he would earn $15 per hour (or $31,200 annually) "to start" working in carpentry.

¶ 6 The court denied Gonzalez's motion to waive the surcharge because it could not find, based on the evidence, that Gonzalez was unable to pay. In determining that Gonzalez had a future ability to pay the surcharge, the court considered Gonzalez's "employability

2

and potential prospects," along with the "expenses of children, car payments, rent and board, and other general expenses."

¶ 7     Gonzalez appeals.

## II.     Drug Offender Surcharge

¶ 8     Gonzalez contends that the district court reversibly erred when it imposed the drug offender surcharge because clear and convincing evidence established that he was unable to pay. We disagree.

### A.     Standard of Review and Applicable Law

¶ 9     Section 18-19-103(1)(b), C.R.S. 2024, requires a defendant convicted of a level 2 drug felony to pay a $3,000 surcharge. § 18-18-405(1), (2)(b)(I)(B); *see Yeadon v. People*, 2020 CO 38, ¶ 1 (drug offender surcharge is statutorily mandated when the court sentences the offender).

¶ 10    "Although the surcharge is mandatory, the court may 'waive any portion of the surcharge' if 'the court first finds that the drug offender is financially unable to pay any portion of said surcharge.'" *People v. DeBorde*, 2016 COA 185, ¶ 22 (quoting § 18-19-103(6)(a)). Courts consider the offender's present and future ability to pay in determining whether a drug offender can pay the surcharge. *Id.* at

3

¶ 28. Indigency is not dispositive of a defendant's financial ability to pay. *People v. Griffiths*, 251 P.3d 462, 468 (Colo. App. 2010).

¶ 11    The defendant challenging the surcharge has the burden of proving by clear and convincing evidence that they are unable to pay any portion of it. *Id.* at 467. "Whether a defendant has the financial ability to pay a statutorily mandated surcharge is a factual question reviewed for clear error." *Id.* If the trial court's findings are supported by the record, we will not disturb them on appeal. *Id.*

## B.    Analysis

¶ 12    Gonzalez argues that the district court erred by finding that he had the ability to pay the surcharge because he demonstrated otherwise by clear and convincing evidence. He argues that he showed enough evidence of his future inability to pay through his testimony that he (1) lacked savings; (2) wouldn't be able to return to his former construction work after his release and would instead have to work a lower paying carpentry job; (3) didn't have a job lined up for after his release; (4) no longer had his truck; and (5) had substantial debts.

¶ 13    We perceive no clear error because the district court's findings regarding Gonzalez's future financial capacity are supported by the record. *See id.* Gonzalez's testimony supports the court's findings that he had a GED, prior experience in construction work earning about $62,500 annually, prospects in the carpentry field (albeit at an initially lower pay than what he previously earned in construction), and an intent to find employment after completion of his sentence. *See People v. Archuleta-Ferales*, 2014 COA 178, ¶ 14 (stating that the trial court may consider a defendant's historical income and future employment prospects in determining their financial capacity to pay the surcharge); *People v. McIntier*, 134 P.3d 467, 471 (Colo. App. 2005) (noting that the trial court, in its role as fact finder, has the "function in a criminal case to consider and determine what weight should be given to all parts of the evidence and to resolve conflicts"). Based on these findings, the court reasoned that Gonzalez could potentially earn around $62,500 per year. And even if Gonzalez couldn't earn that much immediately upon his release from prison, the $3,000 surcharge represented only about 10% of the annual salary Gonzalez expected to earn in a lower paying carpentry position.

¶ 14　　We reject Gonzalez's argument that the court improperly speculated about his earning ability following his release from custody. The court's consideration of Gonzalez's former salary and determination that he had the potential to earn the same amount of money in the future wasn't improper "speculat[ion] on future increases or decreases in income." *Archuleta-Ferales*, ¶ 14. To the contrary, the court was permitted to "consider [Gonzalez's] historical . . . income, as well as [his] reasonable prospects for future employment . . . in determining [his] ability to pay the surcharge." *Id.* Moreover, Gonzalez testified that he expected he would "eventually" be able earn as much as he had previously.

¶ 15　　We aren't persuaded otherwise by Gonzalez's argument that the court erred by (1) finding that he had "six to seven years" of work experience in construction and (2) speculating about the strong state of Colorado's construction market. Even if these findings lack record support, any error is harmless because other evidence in the record supports the court's conclusion about Gonzalez's future earning capacity and ability to pay the surcharge.

¶ 16　　Finally, Gonzalez contends that reversal is warranted because the court didn't consider evidence of his $30,000 debt stemming

from child support arrears and car payments. We again perceive no error. The district court stated that it "considered [Gonzalez's] employability and potential prospects and weigh[ed] this against his anticipated expenses of children, car payments, rent and board, and other general expenses." And we may presume that the court considered all the evidence presented in this case. *In re Marriage of Hatton,* 160 P.3d 326, 329-30 (Colo. App. 2007). Moreover, the district court stated that Gonzalez could "make payments" on the surcharge and imposed no deadline for him pay the surcharge in full. *Griffiths,* 251 P.3d at 468 (affirming a trial court's imposition of a statutory surcharge where defendant was indigent and there was no "due date" for payment).

¶ 17    In sum, because the record supports the district court's determination that Gonzalez had not met his burden of proving his inability to pay the surcharge by clear and convincing evidence, we won't disturb it. *Id.* at 467.

### III.   Disposition

¶ 18    The order is affirmed.

JUDGE PAWAR and JUSTICE MARTINEZ concur.

7