2014 CO 9

**In re The PEOPLE of the State of Colorado, Plaintiff,**

v.

**Mark Ashly STEEN, Defendant.**

**Supreme Court Case No. 13SA123**

Supreme Court of Colorado.

February 3, 2014

Attorneys for Plaintiff: Stanley L. Garnett, District Attorney, Twentieth Judicial

District, Nicole A. Mor, Appellate Deputy District Attorney, Boulder, Colorado

Attorneys for Defendant: Miller & Harrison, LLC, Robert B. Miller, Boulder, Colorado, Dean Neuwirth P.C., Dean Neuwirth, Denver, Colorado

Attorneys for Amicus Curiae Colorado Criminal Defense Bar: The Noble Law Firm, LLC, Antony M. Noble, Lakewood, Colorado

JUSTICE MÁRQUEZ delivered the Opinion of the Court.

¶ 1 Petitioner, Mark Ashly Steen, was convicted in county court of misdemeanor offenses. In this original proceeding pursuant to C.A.R. 21, Steen challenges orders issued by the county court and district court denying his motions under section 16–2–114(6), C.R.S. (2013), and Crim. P. 37(f) to stay execution of his sentence pending his appeal of the convictions to the district court. We issued a rule to show cause why the relief sought in Steen' s petition should not be granted.

¶ 2 We hold that section 16–2–114(6) and Crim. P. 37(f) require a county court, upon request, to grant a stay of execution of a defendant's sentence pending appeal of a misdemeanor conviction to the district court. Thus, the county court in this case was required to enter a stay upon Steen' s request. Under section 16–2–114(6) and Crim. P. 37(f), the county court's stay remains in effect through final disposition of the appeal, unless modified by the district court. Accordingly, we make the rule absolute and remand this case to the district court with instructions that, pursuant to section 16–2–114(6) and Crim. P. 37(f), a stay of execution shall remain in effect until after final disposition of Steen' s appeal, unless modified by the district court.

## I. Facts and Procedural History

¶ 3 Mark Ashly Steen was convicted in Boulder County Court of the misdemeanor offenses of driving while ability impaired ("DWAI")[1] and careless driving.[2] In accordance with section 42–4–1307(5), C.R.S. (2013), the county court sentenced Steen, as a second offender, to thirty days of home detention (electronic home monitoring), two years of probation, a one-year suspended jail sentence, and sixty hours of community service, and ordered him to pay fines and costs totaling $1,336.50.[3] See § 42–4–1307(5)(a)(I)–(IV), (7)(a), C.R.S. (2013) (mandating penalties for second offenders, including a period of probation of at least two years and a one-year suspended jail sentence, and authorizing sentencing alternatives such as home detention in lieu of a required term of imprisonment).

¶ 4 Steen notified the county court that he would file an appeal with the district court and moved pursuant to Crim. P. 37(f) to stay the execution of his sentence during the pendency of the appeal. The county court stayed execution of the home detention part of Steen's sentence, but ordered Steen to "engage in the probation sentence and all attendant conditions while the appeal is considered by the district court." It did not stay any other aspect of his sentence.

¶ 5 Steen filed his appeal with the district court. Again invoking Crim. P. 37(f), Steen moved the district court to stay the entirety of his sentence during the pendency of the appeal. In its response to Steen's motion, the People urged the district court to decline to stay execution of the probationary portion of Steen's sentence, arguing that under sections 18–1.3–202(1), C.R.S. (2013), and 16–4–201, C.R.S. (2013), a stay of probation is discretionary.

¶ 6 The district court denied Steen's motion, stating that section 16–4–201 applied and that the court declined to exercise its discretion under that provision to stay execution of the sentence. Steen moved for reconsideration, arguing that Crim. P. 37(f)

1. § 42–4–1301(1)(b), C.R.S. (2013).

2. § 42–4–1402(1), (2)(a), C.R.S. (2013).

3. Other conditions of his sentence included alcohol evaluation and treatment as recommended, and service with Mothers Against Drunk Driving.

mirrors section 16–2–114(6) and that these provisions, which govern appeals from county court to the district court, require the county court to grant a stay upon request. The district court denied the motion for reconsideration, citing its prior order and further reasoning that section 16–2–114(6) does not require the district court to grant a stay. It therefore continued to "decline to exercise its discretion in the manner requested."

¶ 7 Steen then petitioned this court to issue a rule to show cause under C.A.R. 21. We issued the show cause order and now make the rule absolute.

## II. Original Jurisdiction

¶ 8 Original relief pursuant to C.A.R. 21 is an extraordinary remedy that is limited in purpose and availability. *People v. Darlington*, 105 P.3d 230, 232 (Colo.2005). This court will generally elect to hear C.A.R. 21 cases that raise issues of first impression and that are of significant public importance. *Young v. Jefferson Cnty.*, 2014 CO 1, ¶ 7, 2014 WL 104109; *In re Marriage of Wiggins*, 2012 CO 44, ¶ 12, 279 P.3d 1, 5. We will also exercise original jurisdiction where the normal appellate process would prove inadequate. *Warden v. Exempla, Inc.*, 2012 CO 74, ¶ 16, 291 P.3d 30, 34. We exercise our original jurisdiction in this case because the interpretation of section 16–2–114(6) and Crim. P. 37(f) raises an important issue of first impression and one that is likely to recur in misdemeanor cases prosecuted in county courts. In addition, conventional appellate processes are inadequate here, given that the very relief Steen seeks is a stay of his sentence pending his appeal.

## III. Standard of Review

¶ 9 Interpretation of a statute or rule is a question of law, which we review de novo. *People v. Zhuk*, 239 P.3d 437, 438 (Colo.2010). This court's fundamental responsibility in construing a statute "is to ascertain and give effect to the purpose and intent of the General Assembly in enacting it." *Id.* "In so doing, we look to the plain and ordinary meaning of the statutory language, and we construe the statute to further the legislative intent represented by the statutory scheme." *People v. Manzo*, 144 P.3d 551, 554 (Colo.2006). We will read and consider the statutory scheme as a whole to give consistent, harmonious, and sensible effect to all its parts. *Charnes v. Boom*, 766 P.2d 665, 667 (Colo.1988). "Where possible, we interpret conflicting statutes in a manner that harmonizes the statutes and gives meaning to other potentially conflicting statutes." *City of Florence v. Pepper*, 145 P.3d 654, 657 (Colo.2006). Where two legislative acts may be construed to avoid inconsistency, the court is obligated to construe them in that manner. *Id.*; *see also* § 2–4–205, C.R.S. (2013) ("If a general provision conflicts with a special or local provision, it shall be construed, if possible, so that effect is given to both. If the conflict between the provisions is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later adoption and the manifest intent is that the general provision prevail.").

¶ 10 This court has plenary authority to promulgate and interpret the rules of criminal procedure. Colo. Const. art. VI, § 21; *Peterson v. People*, 113 P.3d 706, 708 (Colo.2005); *People v. Angel*, 2012 CO 34, ¶ 13, 277 P.3d 231, 234. We employ the same interpretive rules applicable to statutory construction to construe a rule of criminal procedure. *Kazadi v. People*, 291 P.3d 16, 20 (Colo. 2012). We will first read the language of the rule consistent with its plain and ordinary meaning, and, if it is unambiguous, we apply the rule as written. *Angel*, 277 P.3d at 235. The rules of criminal procedure "shall be construed to secure simplicity in procedure, fairness in administration, and the elimination of unjustifiable expense and delay." Crim. P. 2.

## IV. Analysis

¶ 11 Steen argues that, under section 16–2–114(6) and Crim. P. 37(f), a county court "shall," upon request, stay execution of a defendant's sentence while the defendant's misdemeanor conviction is appealed to the district court. Thus, he contends, the county court was required to grant his motion to stay execution of his sentence, including the probation portion, pending his appeal to the

district court. The People counter that sentences to probation are governed by sections 18–1.3–202(1) and 16–4–201, which provide that an order of probation takes effect upon entry and remains in effect pending appellate review unless the court, in its discretion, grants a stay.

¶ 12 After reviewing these statutory provisions and the corresponding rules of criminal procedure, we conclude that section 16–2–114(6) and Crim. P. 37(f) specifically govern stays of execution where, as here, a misdemeanor conviction obtained in county court is appealed to the district court.

¶ 13 Article 1.3 of the Colorado Criminal Code (Title 18) generally governs sentencing in criminal cases. Part 2 of Article 1.3 discusses probation. *See* §§ 18–1.3–201 to –213, C.R.S. (2013). Section 18–1.3–202 sets forth the general probationary power of the court. Subsection (1) of that provision describes the discretionary nature of probation and, as relevant here, provides that probation takes effect upon the court's entry of a probation order and remains in effect pending appellate review unless the court grants a stay under section 16–4–201:

> When it appears to the satisfaction of the court that the needs of justice and the best interest of the public, as well as the defendant, will be served thereby, the court may grant the defendant probation for such period and upon such terms and conditions it deems best.... *If the court chooses to grant the defendant probation, the order placing the defendant on probation shall take effect upon entry and, if any appeal is brought, shall remain in effect pending review by an appellate court unless the court grants a stay of probation pursuant to section 16–4–201, C.R.S.*

§ 18–1.3–202(1) (emphasis added).

¶ 14 Section 16–4–201 appears in Article 4 ("Release from Custody Pending Final Adjudication") of the Colorado Code of Criminal

Procedure.[4] Under subsection (2), which cross-references sentences of probation granted pursuant to section 18–1.3–202, a trial court's decision to grant a stay of probation is discretionary:

> After conviction, a defendant who is granted probation pursuant to section 18–1.3–202, C.R.S., may orally, or in writing, move for a stay of probation pending determination of a motion for a new trial or a motion in arrest of judgment or pending review by an appellate court. *The trial court, in its discretion, may grant a stay of probation* and require the defendant to post an appeal bond under one or more of the alternatives set forth in section 16–4–104. The district attorney shall be present at the time the court passes on a defendant's motion for stay of probation after conviction.

§ 16–4–201(2), C.R.S. (2013) (emphasis added).

¶ 15 Standing alone, these provisions support the People's position that a court's decision to stay a sentence of probation is discretionary. However, this case involves an appeal from misdemeanor convictions prosecuted in county court.

¶ 16 In Article 2 of the Criminal Procedure Code, the General Assembly enacted special, simplified criminal procedures to govern county court criminal proceedings. *See* §§ 16–2–101 to –114, C.R.S. (2013). These provisions were enacted to "provide a simple and expeditious method for the prosecution of misdemeanors and petty offenses in county courts." § 16–2–101;[5] *see also* § 16–2–103(1) ("Sections 16–2–102 to 16–2–114 apply only to the prosecution of misdemeanors and petty offenses in county courts under simplified procedure and have no application to misdemeanors or petty offenses prosecuted in other courts or to felonies."); *Peterson v. People*, 113 P.3d 706, 712 (Colo.2005) ("When the County Court Rules of Criminal Proce-

---

4. The Colorado Code of Criminal Procedure is set forth in Articles 1–13 of Title 16 of the Colorado Revised Statutes.

5. Section 16–2–101 provides in full:
   In order to provide a simple and expeditious method for the prosecution of misdemeanors and petty offenses in county courts but one

which also guarantees to the defendant his constitutional rights, the general assembly does hereby establish a simplified criminal procedure for misdemeanors and petty offenses to be used under the circumstances set forth in this code in sections 16–2–102 to 16–2–114.

dure were originally adopted, their purpose was to provide a simple and expeditious method for the prosecution of misdemeanors in county courts.").

¶ 17 These simplified procedures for county court criminal proceedings include section 16–2–114, which expressly governs appeals from such proceedings. Under that provision, a defendant may appeal a judgment of the county court to the district court. § 16–2–114(1), C.R.S. (2013). Subsection (6) of that provision expressly provides that a county court "shall" grant a stay of execution of a sentence, upon request, during the pendency of an appeal:

> *Pending the docketing of the appeal, a stay of execution shall be granted by the county court upon request.* If a sentence of imprisonment has been imposed, the defendant may be required to post bail, and if a fine and costs have been imposed, a deposit of the amount thereof or the posting of a bond for the payment thereof may be required by the county court. Upon a request for stay of execution made anytime after the docketing of the appeal, this action may be taken by the district court. *Stays of execution granted by the county court or district court and, with the written consent of the sureties if any, bonds posted with such courts shall remain in effect until after final disposition of the appeal, unless modified by the district court.*

§ 16–2–114(6) (emphasis added).

¶ 18 Our court rules reflect the distinctions between sections 18–1.3–202(1) and 16–4–201(2) (both governing probationary sentences on the one hand), and section 16–2–114(6) (specifically governing appeals of misdemeanor convictions obtained in county court). For example, Colorado Appellate Rule 8.1(a)(4) states: "An order placing the defendant on probation shall remain in effect pending review by an appellate court unless the court grants a stay of probation." This language is near-identical to that found in

section 18–1.3–202(1). Notably, however, C.A.R. 8.1 governs appeals from district courts.[6]

¶ 19 Rule 37 of the Colorado Rules of Criminal Procedure, which expressly governs appeals from county court, tracks, nearly verbatim, section 16–2–114(6):

> *Pending the docketing of the appeal, a stay of execution shall be granted by the county court upon request.* If a sentence of imprisonment has been imposed, the defendant may be required to post bail, and if a fine and costs have been imposed, a deposit of the amount thereof may be required by the county court. Upon a request for stay of execution made any time after the docketing of the appeal, such action may be taken by the district court. *Stays of execution granted by the county court or district court and, with the written consent of the sureties if any, bonds posted with such courts shall remain in effect until after final disposition of the appeal, unless modified by the district court.*

Crim. P. 37(f) (emphasis added).

¶ 20 Both section 16–2–114(6) and Crim. P. 37(f) provide that a stay of execution "shall" be granted by the county court upon request pending the docketing of the appeal. This court has consistently held that use of "shall" in a statute "is usually deemed to involve a mandatory connotation." *People v. Dist. Court, Second Judicial Dist.*, 713 P.2d 918, 921 (Colo.1986).

¶ 21 The People contend that section 16–2–114(6) and Crim. P. 37(f) mention, and therefore govern, only sentences of "imprisonment," "fines," and "costs." We disagree. The fact that section 16–2–114(6) and Crim. P. 37(f) permit a county court to impose a condition of bail (if a sentence of imprisonment is imposed) or a deposit (if a fine and costs have been imposed) does not give rise to an inference that all other types of county court sentences are therefore excluded from

**6.** C.A.R. 1, "Scope of Rules," makes clear that the Colorado Appellate Rules do not apply to appeals from county court to district court: "An appeal to the appellate court may be taken from: (1) A final judgment of any district, superior, probate, or juvenile court in all actions or special

proceedings whether governed by these rules or by the statutes[.]" Crim. P. 38 similarly excludes county court appeals from the purview of the Colorado Appellate Rules: "Appeals from the district court shall be conducted pursuant to the Colorado Appellate Rules."

the stay required by these provisions. Rather, the first sentence of both section 16-2-114(6) and Crim. P. 37(f) mandates that a county court enter a stay of execution upon request made pending the docketing of an appeal without regard to the type of sentence imposed by the county court. Nothing in the plain language of either provision exempts sentences of probation from such stays.

¶ 22 We note that the language in section 18-1.3-202(1) regarding stays of probation was adopted in 1994 as an amendment to section 16-11-202. *See* House Bill 94-1063, 1994 Colo. Sess. Laws 97-98 (adding to section 16-11-202: "If the court chooses to grant the defendant probation, the order placing the defendant on probation shall take effect upon entry and, if any appeal is brought, shall remain in effect pending review by an appellate court unless the court grants a stay of probation pursuant to section 16-4-201."). The General Assembly did not simultaneously amend section 16-2-114(6), the specific provision governing stays of execution in the context of county court appeals, despite the legislature's presumed awareness of this provision, and despite the fact that the language in section 16-2-114(6) had changed in 1972 from "may" to "shall," mandating a county court, upon request, to grant a stay of execution of a defendant's sentence pending appeal of a misdemeanor conviction to the district court.[7] Although the 1994 amendment represents the more recent statutory change, we discern no manifest legislative intent that section 18-1.3-202(1) prevail over the specific provisions governing appeals from county courts.[8] Although the General Assembly certainly could, if it wished, amend section 16-2-114(6) to parallel the language in section 18-1.3-202(1), it has not done so. Finally, we note that C.A.R. 8.1(a)(4), which applies only to appeals from district, superior, probate, or juvenile courts, was subsequently amended to conform to section 18-1.3-202(1), yet Crim. P. 37(f), which governs county court appeals, continues to track section 16-2-114(6).

¶ 23 Because section 16-2-114 and Crim. P. 37 expressly govern appeals from county court, we conclude that, where a misdemeanor conviction obtained in county court is appealed to the district court, the plain language of section 16-2-114(6) and Crim. P. 37(f) require the county court to grant a stay of execution upon request made pending the docketing of an appeal.[9] Our interpretation ensures that effect is given to the plain language of section 16-2-114(6) and Crim. P. 37(f) in the context presented here. *See City of Florence v. Pepper*, 145 P.3d 654, 657 (Colo.2006) ("If two acts of the General Assembly may be construed to avoid inconsistency, this court is obligated to construe them in that manner."). Accordingly, the county court was required to grant Steen's request to stay execution of his sentence.[10]

¶ 24 The right to a direct appeal of a criminal conviction is fundamental in our state. *Peterson*, 113 P.3d at 708. We note that without a mandatory stay upon request, a defendant may choose not to appeal a county court conviction because he may realize little or no benefit to succeeding on appeal in the district court if all or most of his

---

7. When this provision was repealed and reenacted at section 39-2-114 in 1972, the word "may" was changed to "shall." Section 39-2-114 was subsequently recodified as section 16-2-114 in 1973.

8. We also note that testimony at the committee hearings on House Bill 94-1063 focused exclusively on probation in the context of felony convictions. No mention was made of the effect of the bill on county court proceedings. *See Hearing to Consider H.B. 1063, H.B. 1092, and H.B. 1144 Before the Colo. H. Comm. on Judiciary*, 1994 Leg., 59th Sess. (Colo.) (Jan. 18, 1994).

9. At least one secondary source has reached the same conclusion. *See* 15 Robert J. Dieter et al., *Colo. Prac., Criminal Practice & Procedure* § 22.38 (2d ed. 2013) ("In appeals from county to district court, a stay of execution must be granted upon request.... In appeals lodged in the Court of Appeals or Supreme Court, an order placing the defendant on probation remains in effect unless a stay of probation is granted.").

10. We note that sections 18-1.3-202(1) and 16-4-201(2) arguably do not apply to Steen's case for the additional reason that Steen was not granted probation as a matter of trial court discretion under section 18-1.3-202(1), but rather, was sentenced in accordance with section 42-4-1307, C.R.S. (2013), which mandates a period of probation of at least two years for DWAI second offenders. § 42-4-1307(1)(b), (5)(a)(IV).

sentence has already been served. Given the length of time required to obtain a judgment on appeal, county court defendants are at a greater risk of completing all, or most, of their sentences before an appellate judgment has been reached by the district court. Our decision today ensures that, upon request, a county court will grant a stay of execution to a defendant, thus removing the specter of a useless appeal.

¶ 25 That said, under section 16–2–114(6) and Crim. P. 37(f), a stay granted by the county court shall remain in effect until after final disposition of the appeal, "unless modified by the district court." Thus, where a county court has granted a stay of execution, the district court may exercise its discretion to modify that stay where the circumstances warrant such modification during the pendency of an appeal.

## V. Conclusion

¶ 26 We hold that section 16–2–114(6) and Crim. P. 37(f) require a county court, upon request, to grant a stay of execution of a defendant's sentence pending appeal of a misdemeanor conviction to the district court. The county court here was required to enter a stay upon Steen' s request. Accordingly, we make the rule absolute and remand this case to the district court with instructions that, pursuant to section 16–2–114(6) and Crim. P. 37(f), a stay of execution shall remain in effect until after final disposition of Steen' s appeal, unless modified by the district court.

JUSTICE COATS dissents, and JUSTICE EID joins in the dissent.

JUSTICE COATS, dissenting.

¶ 27 While today's holding may be of little significance, both because the effect of the majority's opinion is merely to shift discretion from the trial to the reviewing court and because the legislature can simply amend the applicable statutes in any event, I feel compelled to take issue with the majority's application of (or perhaps failure to apply) accepted principles of statutory construction. Unlike the majority, I believe those principles require the harmonization of the simpli-

fied county court procedures governing stays of execution with the statutes governing sentences to probation by construing the former to reasonably comprehend only imprisonment, fines, and costs; and in the event such harmonization were not possible, to resolve any conflict in favor of the probationary statute as both the more recent and more specific of the two.

¶ 28 As the majority largely accepts, it is universally held that statutes must be interpreted to give effect to legislative intent; but where the language chosen by the legislature to express itself is susceptible of more than a single reasonable interpretation, or if it conflicts with another legislative provision, a body of intrinsic and extrinsic aids has been developed over many years to assist in resolving the uncertainty. *See Dep't of Transp. v. Gypsum Ranch Co.*, 244 P.3d 127, 131 (Colo.2010). In addition, the legislature has itself promulgated a number of rules for deciphering its intent and priorities with regard to various ambiguities or apparent conflicts in its provisions. Of particular relevance here, the legislature specifies that conflicting general and specific provisions should be construed to give effect to both wherever possible, and if not possible, that the specific, or special, provision should prevail unless the general provision is the later adoption and manifests an intent to control. § 2–4–205, C.R.S. (2013).

¶ 29 In brief, the majority finds that section 16–2–114(6), C.R.S. (2013), can be reasonably understood only as governing every aspect of a county court sentence, including probation, and that it must prevail over the general sentencing provisions, which include more specific provisions governing the imposition of probation, as a procedure prescribed specifically for county courts. Initially, I believe the language of section 16–2–114(6) is susceptible of more than one reasonable understanding. Although the first sentence of the statute refers only to "a stay of execution," without further elaboration, the statute immediately follows up by detailing the specific effects of staying judgments imposing imprisonment, fines, and costs, but nothing else. *See id.* Not only does this structure strongly suggest that only the enumerated

sanctions were contemplated as being subject to a mandatory stay of execution, but at the time these words were written, the statutory scheme did not even include an order of probation as a separate sentencing alternative.

¶ 30 Although such county court stays became mandatory only in 1972 with the adoption of our current Criminal Procedure Code, *see* Senate Bill 72–44, 1972 Colo. Sess. Laws 196, the statute as a whole, including its reference to "a stay of execution," "imprisonment," "fine," and "costs," was drafted and made applicable during the pre-Criminal Procedure Code sentencing regime, *see* Senate Bill 64–15, 1964 Colo. Sess. Laws 434. As we have extensively detailed elsewhere, *see Fierro v. People*, 206 P.3d 460, 462 (Colo. 2009), at the time this language was enacted, probation was not a separate sentencing alternative at all and instead became available to a defendant only upon suspending the statutorily required sentence, pending satisfaction of specific conditions of probation. *See People v. Flenniken*, 749 P.2d 395, 397 (Colo.1988). While the word "may" was amended to "shall" with the adoption of the Criminal Procedure Code, Senate Bill 72–44, 1972 Colo. Sess. Laws 196, which in a completely separate article simultaneously characterized probation for the first time as a sentencing alternative of its own, *id.* at 239, the effect of that recharacterization on the requirement to first suspend a statutorily imposed sentence did not become apparent for some dozen more years, *see Fierro*, 206 P.3d at 461–65.

¶ 31 In view of the statute's failure to include probation in its express enumeration of adverse consequences to be mandatorily stayed by the county court upon the docketing of an appeal, in conjunction with the understanding of probation at the time and the legislature's admonition to avoid conflicts by construction where possible, I would not only find this reconciling construction of section 16–2–114(6) possible but in fact required. Such a construction would lead inexorably to the conclusion that the mandatory stay provision of the simplified county court procedures was never intended to apply to the imposition of probation and therefore in no way conflicts with the later-adopted, specific statutory provision for stays of probationary sentences. Were such a reconciliation not possible, however, I nevertheless believe the legislature's prescription for resolving conflicting statutory provisions would lead to a different result from that reached by the majority.

¶ 32 Because article 1.3 of title 18 governs sentencing for both felony and misdemeanor crimes, and part 2 of that article governs the probationary power of courts over both felonies and misdemeanors, the majority apparently views each individual probationary provision that conflicts with the simplified procedure as a general provision in relation to a special or local provision, for purposes of section 2–4–205. I, on the other hand, find it more meaningful to view a statute governing stays of execution generally, without reference to probation in particular, as the general provision, and to view a separate statute governing stays of only probationary sentences as the more specific of the two. It seems clear, at least to me, that the significant comparison is not between a general *sentencing* provision applying to all crimes and a *procedural* provision applying only to county courts, but rather between a provision governing stays generally and one limited to stays of probationary sentences.

¶ 33 Finally, even if the probation statute, section 18–1.3–202(1), C.R.S. (2013), could reasonably be characterized as the more general provision, I would still find that the manifest intent of the legislature was for it, in conjunction with section 16–4–201(2), C.R.S. (2013), to control stays of all probationary sentences, regardless of the particular court imposing probation. The simplified procedures for county courts, including the vast majority of section 16–2–114(6), pre-date the adoption of the modern Criminal Procedure Code, and even the amendment making stays in county court mandatory occurred in 1972, a time when misdemeanor cases actually were considerably more simple. By contrast, the specific stay provision of section 18–1.3–202(1) governing sentences to probation was adopted in 1994, in conjunction with a corresponding amendment to the bail bond provisions, making them expressly applicable

to stays of probationary sentences, *see* § 16–4–201(2). House Bill 94–1063, 1994 Colo. Sess. Laws 97–98. These 1994 amendments clearly, and obviously intentionally, altered the existing default position expressed by C.A.R. 8.1(a)(4) from one of automatic stay of probation upon notice of appeal to one of probationary sentences remaining in effect from entry of judgment through appeal, *unless* a stay were to be granted, as permitted by the bail bond statutes. In addition to being the later adoptions, the probation and bail amendments were clearly directed at all probationary sentences, regardless of the sentencing court.

¶ 34 The majority finds meaningful the fact that following the 1994 amendments this court modified C.A.R. 8.1(a)(4), but not Crim. P. 37(f). Unlike the county court rule, which did not reference stays of probation at all, however, the appellate rule expressly required that any order placing a defendant on probation had to be stayed upon the filing of a notice of appeal, putting it in direct conflict with the applicable statutory amendments. I consider the fact that the appellate rule was the clear precipitating cause of the statutory amendments, while the county court rule failed to even reference probation, to be a more persuasive explanation for amending the one and not the other than attributing to this court a belief that the 1994 statutory amendments were intended to apply only to felony courts. In any event, I am unaware of any principle of statutory interpretation suggesting that a high court's prior exercise of its rulemaking authority has any limiting effect on its subsequent statutory construction.

¶ 35 In addition to the application of these accepted, objective rules of construction, I also simply consider it too contrived to find, as the majority appears to have done, a legislative intent to grant the county court discretion whether to order probation in the first place and to impose conditions of bond pending appeal, but to deny it, in favor of the reviewing court, any discretion to order that specific conditions of probation must continue during the pendency of appellate review. I therefore respectfully dissent.

I am authorized to state that Justice EID joins in this dissent.