Opinions of the Colorado Supreme Court are available to the public and can be accessed through the Judicial Branch's homepage at http://www.courts.state.co.us.  Opinions are also posted on the Colorado Bar Association's homepage at http://www.cobar.org.

ADVANCE SHEET HEADNOTE
November 18, 2019

**2019 CO 97**

**No. 17SC570, *People v. Baker*—Criminal Law—Sentencing and Punishment—Presentence Confinement Credit.**

The supreme court holds that a motion to correct the amount of presentence confinement credit ("PSCC") awarded to a defendant is not appropriately framed as a Crim. P. 35(a) claim that a sentence was "not authorized by law."  An error in PSCC does not render a sentence "not authorized by law" because PSCC is not a component of the sentence.  Rather, it is credit earned for time served prior to sentencing that is later applied against the sentence.  Accordingly, the supreme court reverses the division's judgment and remands the case with instructions to return it to the district court for correction consistent with this opinion.

# The Supreme Court of the State of Colorado

2 East 14th Avenue • Denver, Colorado 80203

---

## 2019 CO 97

---

### Supreme Court Case No. 17SC570
*Certiorari to the Colorado Court of Appeals*
Court of Appeals Case No. 16CA704

---

### Petitioner:

The People of the State of Colorado,

v.

### Respondent:

Douglas L. Baker.

---

### Judgment Reversed
*en banc*
November 18, 2019

---

**Attorneys for Petitioner:**
Philip J. Weiser, Attorney General
William G. Kozeliski, Senior Assistant Attorney General
*Denver, Colorado*

**Attorneys for Respondent:**
Haddon, Morgan and Foreman, P.C.
Adam Mueller
*Denver, Colorado*

**JUSTICE HART** delivered the Opinion of the Court.

¶1    We are asked to decide whether a defendant's claim that he is entitled to more presentence confinement credit ("PSCC") than he originally received is properly understood as a challenge to a sentence "not authorized by law" under Crim. P. 35(a).[1] We conclude that it is not. PSCC is not a component of a sentence; instead, it is time served before a sentence is imposed, which is later credited against the defendant's sentence.

¶2    This conclusion does not mean that defendants have no avenue to seek correction of an improper calculation of PSCC. To the contrary, our legal system provides several means to ensure that an error in calculating the credit owed to a defendant can be corrected. A defendant may, for example, challenge the calculation on direct appeal or through a Crim. P. 35(a) "illegal manner" claim. In this case, because all parties agree that both the parties and the court simply overlooked Douglas Baker's eighteen missing days of PSCC, we conclude that Rule 36 would have been the appropriate route to correct the calculation error.

---

[1] We granted certiorari to review the following issues:

1. Whether a challenge to the amount of presentence confinement credit noted on the mittimus is a claim that the sentence was not authorized by law under Crim. P. 35(a).

2. Whether the correction of a sentence not authorized by law renews the three-year deadline for collaterally attacking the original judgment of conviction in all respects.

Accordingly, we reverse and remand the case with directions to return it to the district court.

## I. Facts and Procedural History

¶3 On November 4, 2009, a Jefferson County court issued a warrant for Douglas Baker's arrest for sexual assault on a child, pattern of abuse, a class three felony. When Baker learned that he was facing arrest, he fled to Florida.

¶4 On June 27, 2011, Baker was arrested on the warrant and booked into a Florida jail. He was then extradited to Colorado where he was booked into the Jefferson County jail on July 15, 2011. He remained in custody for the duration of the case.

¶5 Baker pleaded guilty to one count of sexual assault on a child, position of trust, a class three felony, and, on July 12, 2012, he was sentenced to a term of ten years to life in the custody of the Department of Corrections. The court awarded Baker 364 days of credit for time served and designated him a Sexually Violent Predator ("SVP"). At the sentencing hearing, Baker objected to the SVP finding and told the court that he would file a motion objecting to it. Baker, however, failed to file a motion objecting to his SVP status for over three years, and, in the interim, he never filed a direct appeal.

¶6 Almost three years later, on April 20, 2015, Baker filed a pro se motion entitled, "Motion to Correct Sentence Pursuant to Crim. P. Rule 35(a)." In his

motion, Baker argued that he was not given PSCC for his time in custody in Florida before he was extradited to Colorado. The People responded, agreeing that Baker was entitled to credit for that time and expressing no objection to the court awarding Baker an additional eighteen days of PSCC.

¶7 On May 20, 2015, the district court awarded Baker an additional eighteen days of PSCC for a total of 382 days. In December 2015, at Baker's request, the court clarified that this award amounted to a ruling on Baker's Rule 35(a) motion.

¶8 On January 11, 2016, Baker filed a pro se motion entitled, "Motion to Vacate Sexually Violent Predator Status Pursuant to C.R.S. § 18-3-414.5(1)(a)."[2] Relying on our decision in *Leyva v. People*, 184 P.3d 48 (Colo. 2008), Baker asserted that his motion was not time barred because "the recent correction of his illegal sentence" pursuant to Rule 35(a) restarted the three-year time clock for collaterally attacking his original judgment of conviction, including the SVP status. The district court denied Baker's motion, and Baker appealed.

¶9 A division of the court of appeals agreed with Baker, concluding that: (1) a claim for PSCC is properly brought pursuant to the "not authorized by law"

---

[2] In his reply brief, Baker clarified that he should have filed his motion pursuant to Rule 35(c) and argued that the court should liberally construe his motion as having been filed pursuant to said rule.

4

provision of Rule 35(a); (2) *Leyva's* holding was broad so any correction of an illegal sentence pursuant to Rule 35(a) restarts the applicable statute of limitations for collateral attacks pursuant to Rule 35(c); and, consequently, (3) Baker's challenge to his SVP status was a timely, cognizable claim under Crim. P. 35(c). *People v. Baker*, 2017 COA 102, ¶¶ 36–41, __ P.3d __. Thus, the division reversed the order and remanded the case to the district court to reevaluate Baker's SVP designation. *Id.* at ¶ 43.

¶10     The People petitioned for certiorari, and we granted review.

## II.  Analysis

¶11     After outlining the standard of review, we address the first issue: whether a motion to correct PSCC is appropriately framed as a Rule 35(a) claim that a sentence was "not authorized by law."  We conclude that it is not.  An error in PSCC does not render a sentence "not authorized by law" because PSCC is not a component of the sentence.  Rather, it is credit earned for time served prior to sentencing that is later applied against the sentence.[3]

---

[3] Because we answer the first issue in the negative, we do not reach the second question on which we granted certiorari: whether the correction of a sentence not authorized by law renews the three-year deadline for collaterally attacking the original judgment of conviction in all respects.

5

¶12   We then explain why this conclusion does not leave defendants without recourse to seek correction of an error in PSCC.

## A.  Standard of Review

¶13   We review issues of statutory interpretation de novo.  *People v. Steen*, 2014 CO 9, ¶ 9, 318 P.3d 487, 490.   In interpreting a statute, our primary responsibility is to ascertain and give effect to the General Assembly's purpose and intent.  *Id.*  To do so, we look to the plain language of the statute, the context of words and phrases, and their common usage.  *Diehl v. Weiser*, 2019 CO 70, ¶ 13, 444 P.3d 313, 317.  When a statute is unambiguous, we apply it as written.  *See Steen*, ¶ 10, 318 P.3d at 490.

¶14   We apply these same principles of statutory interpretation to rules of criminal procedure, which we have plenary authority to promulgate and interpret. *Id.*

## B.  PSCC Is Not a Component of a Sentence

¶15   Colorado's presentence confinement statute, section 18-1.3-405, C.R.S. (2019), provides in relevant part:

> A person who is confined for an offense prior to the imposition of sentence for said offense is entitled to credit *against the term of his or her sentence* for the entire period of such confinement.  At the time of sentencing, the court shall make a finding of the amount of presentence confinement to which the offender is entitled and shall include such finding in the mittimus.  The *period of confinement shall be deducted from the sentence* by the department of corrections.

6

(Emphases added.)

¶16     The plain language of this statutory provision indicates that PSCC is not a component of the sentence, but rather something calculated independently from the sentence. Section 18-1.3-405 refers to PSCC as "credit *against* the term of [the defendant's] sentence" and requires that "[t]he [PSCC] *shall be deducted from the sentence* by the department of corrections." (Emphases added.) In each instance, the statute refers to PSCC as a credit distinct from—and later applied to—the sentence itself, indicating that PSCC is not part of a sentence.

¶17     This understanding of the statute's plain language is consistent with our cases interpreting section 18-1.3-405. We have previously explained that "PSCC refers to the time credit a person earns when that person is in jail, unable to post bond, and *awaiting sentencing* on an offense." *Edwards v. People*, 196 P.3d 1138, 1139 (Colo. 2008) (emphasis added). The sentencing court must "make an explicit finding of the amount of [PSCC] to which the offender is entitled and . . . include that finding in the offender's mittimus *along with* his sentence." *People v. Ostuni*, 58 P.3d 531, 533–34 (Colo. 2002) (emphasis added). The "sentencing court does not have discretion to grant or deny PSCC." *Edwards*, 196 P.3d at 1144. Nor can the sentencing court "adjust an offender's sentence downward to account for presentence confinement." *Ostuni*, 58 P.3d at 534. Instead, "the legislature has

7

reserved to the department [of corrections] the duty to *deduct this period of confinement from the sentence.*" *Id.* (emphasis added).

¶18 The division concluded, however, that PSCC is part of a sentence because PSCC is a statutorily created legal entitlement that affects the amount of time that a defendant serves in custody after the court imposes a sentence. *Baker*, ¶¶ 36, 38 (citing *People v. Roy*, 252 P.3d 24, 27 (Colo. App. 2010)). We disagree. Although PSCC affects the amount of time a defendant *serves* after sentencing, it does not affect the sentence itself.

## C. A Challenge to the Amount of PSCC Is Not a Claim that a Sentence Was Not Authorized by Law

¶19 We have previously explained that a sentence is not authorized by law within the meaning of Rule 35(a) if any of the sentence's components fail to comply with the sentencing statutes. *See Leyva*, 184 P.3d at 50 (citing *Delgado v. People*, 105 P.3d 634, 637 (Colo. 2005) ("It has long been clear that a sentence is illegal unless all the components of a sentence fully comply with the sentencing statutes." (alteration omitted)). Because PSCC is not part of a sentence, we conclude that a challenge to the amount of PSCC noted in the mittimus is not a cognizable claim that the sentence was "not authorized by law."

¶20 Baker argues that our decisions in *Massey v. People*, 736 P.2d 19 (Colo. 1987), and *People v. Freeman*, 735 P.2d 879 (Colo. 1987), foreclose the conclusion that PSCC is not a component of a sentence. He is mistaken. True, in both of those cases the

8

defendants challenged the calculation of PSCC through Rule 35(a). *Massey*, 736 P.2d at 20 n.2; *Freeman*, 735 P.2d at 880 n.2. But in neither case did we state that PSCC is a component of the sentence. Nor did we specify which provision of Rule 35(a) the defendants relied on in making their challenges. Rather, both *Massey* and *Freeman* involved motions filed within the then 120-day time limit imposed on Rule 35(a) "illegal manner" claims.[4] *Massey*, 736 P.2d at 20 (noting that the defendant was sentenced on March 5, 1984, and filed a Rule 35(a) motion thirty-two days later on April 6, 1984); *Freeman*, 735 P.2d at 880 (noting that the defendant was sentenced on January 6, 1984, and filed a Rule 35(a) motion ninety-eight days later on April 13, 1984). And both are best understood as raising Rule 35(a) "illegal manner" claims. Because the sentencing court is required to find the specific amount of PSCC and note it in the mittimus, a challenge to the calculation of PSCC could certainly be brought as a claim that the sentencing process deviated from the statutory requirements, such that the sentence was imposed "in an illegal manner." Baker, however, is not helped by Rule 35(a) because "illegal manner" claims must be brought within the timeframe prescribed in Rule 35(b)—now 126

---

[4] Rule 35(b) was amended in 2011, so that the current time limit for filing a Rule 35(a) "illegal manner" claim is 126 days. *See* Crim. P. 35(b).

days after the sentence was imposed—and Baker filed his motion well after that time.[5]

¶21 This conclusion does not mean, however, that Baker cannot be awarded the eighteen days of PSCC to which he is legally entitled but that the district court incorrectly omitted in his initial sentencing process. There is at least one other mechanism available for challenging an incorrect PSCC amount in the appropriate circumstances: Rule 36, which permits the court at any time to correct "[c]lerical mistakes . . . and errors in the record arising from oversight or omission." Clerical errors for purposes of Rule 36 can include "not only errors made by the clerk in entering the judgment, but also those mistakes apparent on the face of the record, whether made by the court or counsel during the progress of the case, which cannot reasonably be attributed to the exercise of judicial consideration or discretion." *People v. Glover*, 893 P.2d 1311, 1316 (Colo. 1995) (quoting *Town of De Beque v. Enewold*, 606 P.2d 48, 54 (Colo. 1980)); *see also People v. Wood*, 2019 CO 7, ¶ 43, 433 P.3d 585, 595 (noting that Rule 36 permits correction to "effectuat[e] the intent and understanding of the court and the parties at the sentencing hearing").

---

[5] Baker could have challenged the calculation of his PSCC on direct appeal, as did the defendant in *Fransua*, which we also announce today. *Fransua v. People*, 2019 CO 96, ¶¶ 1, 7–8, 12–13, __ P.3d __. Baker, however, did not file a direct appeal.

In this case, the parties agreed that the district court improperly overlooked the eighteen days of PSCC during Baker's initial sentencing. Rule 36 is sufficiently broad to encompass correcting this error. Thus, Baker properly received credit for the eighteen days, though the correction should have been made pursuant to Rule 36.

### III. Conclusion

¶22 We hold that a challenge to PSCC is not cognizable as a claim that a sentence was not authorized by law pursuant to Rule 35(a). Because Baker's postconviction claim for eighteen days of additional PSCC did not alter his sentence, it did not impact the finality of his original judgment of conviction. Baker's Rule 35(c) motion, filed more than three years after the date of his conviction, was therefore untimely. Accordingly, we reverse the division's judgment and remand the case with instructions to return it to the district court for correction consistent with this opinion.