1
 24 CO 57 In Re The People of the State of Colorado, Plaintiff: v. Richard Lewis. Defendant: No. 24SA75
Supreme Court of Colorado, En Banc
September 9, 2024
 
          
 Original Proceeding Pursuant to C.A.R. 21 County Court, City
 and County of Denver, Case No. 19M00428 Honorable Kerri
 Lombardi, Judge
 
 
          Order
 to Show Cause Discharged
 
 
          
 Attorneys for Plaintiff: Beth McCann, District Attorney,
 Second Judicial District Alison Suthers, Deputy District
 Attorney Denver, Colorado
 
 
          
 Attorneys for Defendant: Megan A. Ring, Public Defender John
 Patrick Galligan, Deputy Public Defender Denver, Colorado
 
 
          
 Attorneys for Respondent County Court, City and County of
 Denver: Paige Arrants, Assistant City Attorney Nathan Cash,
 Assistant City Attorney Denver, Colorado
 
 
           CHIEF
 JUSTICE MÁRQUEZ delivered the Opinion of the Court, in
 which JUSTICE BOATRIGHT, JUSTICE HOOD, JUSTICE GABRIEL,
 JUSTICE HART, JUSTICE SAMOUR, and JUSTICE BERKENKOTTER
 joined.
 
 2
 
          
 OPINION
 
 
          
 MÁRQUEZ CHIEF JUSTICE
 
 3
 
          ¶1
 Richard Lewis was convicted of misdemeanor offenses in county
 court. At sentencing, the court found that Lewis posed a
 danger to the community and therefore denied his request for
 an appeal bond under section 16-4-201.5(2)(a), C.R.S. (2023)
 (requiring a court to deny bail if it finds that the
 defendant poses "a danger to the safety of any person or
 the community").
 
 
          ¶2
 We granted Lewis's request for an order to show cause
 under C.A.R. 21. Lewis argues that the county court erred by
 relying on section 16-4-201.5(2) to deny his appeal bond
 request. Instead, he argues, his county court appeal (and
 therefore his bond request) is governed by section
 16-2-114(6), C.R.S. (2023). Specifically, he contends that
 under this court's decision in People v. Steen,
 2014 CO 9, ¶¶ 16-17, 318 P.3d 487, 491-92, the
 county court was required under section 16-2-114(6) to stay
 the execution of his sentence and grant him an appeal bond.
 
 
          ¶3
 We disagree. Steen addressed stays of execution in
 county court appeals. It did not address bail, which is a
 separate consideration. We conclude that the county court did
 not err by relying on 16-4-201.5, nor did it abuse its
 discretion by denying Lewis's request for an appeal bond.
 Accordingly, we discharge the order to show cause.
 
 4
 
          I.
 Facts and Procedural History
 
 
          ¶4
 Following a trial in county court, a jury found Lewis guilty
 of four misdemeanors-two counts of unlawful sexual contact
 and two counts of unlawful sexual contact on a client by a
 psychotherapist.
 
 
          ¶5
 Throughout trial, Lewis had been on a personal recognizance
 bond. After the jury's verdict, the county court
 considered whether to continue Lewis's bond pending
 sentencing. The prosecution argued that Lewis was not
 entitled to bond, and requested that, at minimum, the court
 remand Lewis into custody and set a bond hearing. The defense
 disagreed, noting that Lewis had been on bond until that
 point and had not "picked up even so much as a traffic
 citation" during that time. The county court, however,
 found that Lewis's circumstances had changed with his
 conviction and revoked his personal recognizance bond-noting
 that the case was "incredibly serious" and
 disagreeing with the defense that Lewis had demonstrated a
 lack of danger to the community. It then set a new cash bond
 at $5,000 pending sentencing, which Lewis posted.
 
 
          ¶6
 At sentencing, the court noted that Lewis expressed no
 remorse or responsibility despite knowing that his actions
 were wrong. It observed that he exploited and disparaged the
 victim throughout the trial. And it expressed concern that,
 because Lewis's first wife was his previous patient,
 Lewis exhibited a pattern of exploiting his clients. The
 court sentenced Lewis to two twelve-month
 
 5
 
 sentences in the Denver County Jail,[1] the latter of which was
 suspended on the condition that Lewis successfully complete
 five years of sex offender probation. Lewis then moved for a
 stay of execution and requested that the court continue the
 $5,000 cash bond it had imposed before sentencing. Instead,
 the court revoked Lewis's bond and requested the
 prosecution's input as to a new bond. The prosecution
 reminded the court that it had previously found that Lewis
 posed a community safety risk. It argued that under section
 16-4-201.5(2)(a), an appeal bond was not allowed unless the
 court made a finding that the defendant was unlikely to flee
 and did not pose a danger to the safety of any person or the
 community. It further urged the court to examine the factors
 set forth under section 16-4-202, C.R.S. (2023), when
 considering an appeal bond.
 
 
          ¶7
 The county court proceeded to assess Lewis's eligibility
 for an appeal bond under section 16-4-201.5(2). It found that
 while Lewis was unlikely to flee, it had
 
 6
 
 "significant concerns about the safety of the community
 and specifically [the victim]." Accordingly, the court
 denied Lewis's request for an appeal bond.[2]
 
 
          ¶8
 After sentencing, Lewis filed a written motion arguing that,
 under section 16-2-114(6), Crim. P. 37(f), and
 Steen, the county court was required to stay the
 execution of his sentence pending appeal. He simultaneously
 filed a C.A.R. 21 petition seeking relief from the county
 court's denial of his appeal bond, and we issued an order
 to show cause.[3]
 
 
          II.
 Original Jurisdiction
 
 
          ¶9
 The county court suggests that jurisdiction is improper
 because section 16-4-204, C.R.S. (2023), is the exclusive
 method of appellate review for appeal bond denials under
 section 16-4-201.5. As discussed below, we agree that section
 16-4-204 provides the exclusive method of appeal in this
 context. Nevertheless, the decision to exercise C.A.R. 21
 jurisdiction lies within this court's sole
 
 7
 
 discretion. People v. Seymour, 2023 CO 53, ¶
 16, 536 P.3d 1260, 1269. We choose to exercise our
 jurisdiction here because the interpretation of section
 16-4-201.5, section 16-2-114(6), and Crim. P. 37(f) raises an
 important issue of first impression likely to recur in
 misdemeanor cases prosecuted in county courts.
 Steen, ¶ 8, 318 P.3d at 490.
 
 
          III.
 Standard of Review
 
 
          ¶10
 We review issues of statutory or constitutional
 interpretation de novo. People v. Smith, 2023 CO 40,
 ¶ 19, 531 P.3d 1051, 1054; Steen, ¶ 9, 318
 P.3d at 490. In construing a statute, our fundamental
 responsibility is to ascertain and give effect to the General
 Assembly's intent. Steen, ¶ 9, 318 P.3d at
 490 (citing People v. Zhuk, 239 P.3d 437, 438 (Colo.
 2010)). "In so doing, we look to the plain and ordinary
 meaning of the statutory language, and we construe the
 statute to further the legislative intent represented by the
 statutory scheme." Id. (quoting People v.
 Manzo, 144 P.3d 551, 554 (Colo. 2006)). We also
 "avoid interpretations that result in superfluous words
 or phrases or 'illogical or absurd results.'"
 People v. Howell, 2024 CO 42, ¶ 8, 550 P.3d
 679, 683 (quoting People v. Rau, 2022 CO 3, ¶
 16, 501 P.3d 803, 809). Importantly, "[w]here two
 legislative acts may be construed to avoid inconsistency, the
 court is obligated to construe them in that manner."
 Steen, ¶ 9, 318 P.3d at 490.
 
 8
 
          ¶11
 We typically review a trial court's bail determination
 for an abuse of discretion, Smith, ¶ 18, 531
 P.3d at 1054, and defer to a trial court's factual
 findings underpinning that determination so long as they are
 supported by evidence in the record, Goodwin v. Dist.
 Ct., 586 P.2d 2, 4 (Colo. 1978).
 
 
          IV.
 Analysis
 
 
          ¶12
 Lewis contends that section 16-2-114(6), Crim. P. 37(f), and
 Steen require the county court to both stay the
 execution of his sentence pending appeal and grant him an
 appeal bond. While we agree that the county court was
 required to stay the execution of Lewis's sentence, bail
 and stays of execution are separate processes. And unlike the
 statutory provisions examined in Steen, the language
 in section 16-4-201.5(2) does not conflict with section
 16-2-114(6) or Crim. P. 37(f). Rather, section 16-4-201.5(2)
 incorporates the bail prohibitions listed in article II,
 section 19 of the Colorado Constitution-which, among other
 things, prohibits bail after conviction if a defendant is
 deemed a danger to the community. Accordingly, having found
 that Lewis presented a danger to the community, the county
 court properly denied bail.
 
 
          ¶13
 We begin by noting that, once a defendant has been found
 guilty, there is no constitutional right to bail. People
 v. Hoover, 119 P.3d 564, 566 (Colo.App. 2005). Rather,
 article II, section 19(2.5)(a) of the Colorado Constitution
 states, "The court may grant bail after a person is
 convicted, pending sentencing or appeal, only as
 
 9
 
 provided by statute as enacted by the [G]eneral
 [A]ssembly." Moreover, article II, section 19(2.5)(b)
 prohibits setting bail after conviction for a defendant
 unless the court finds, among other things, that the
 defendant "does not pose a danger to the safety of any
 person or the community."
 
 
          ¶14
 The General Assembly has enacted a statutory scheme to govern
 appeal bonds, sections 16-4-201 to -205, C.R.S. (2023)
 ("Colorado's appeal bond statutes"). These
 statutes add detail that is not in the Colorado Constitution,
 such as factors courts must consider when determining whether
 to grant an appeal bond, § 16-4-202, and how to appeal a
 court's denial of an appeal bond request, §
 16-4-204.
 
 
          ¶15
 Colorado's appeal bond statutes authorize appeal bonds
 for all courts. § 16-4-201, C.R.S. (2023). In so doing,
 the General Assembly reasserted the same postconviction bail
 exceptions outlined in the Colorado Constitution:
 
 
 The court shall not set bail that is otherwise allowed
 pursuant to subsection (1) of this section unless the court
 finds that:
 
 
 (a) The person is unlikely to flee and does not pose a danger
 to the safety of any person or the community; and
 
 
 (b) The appeal is not frivolous or is not pursued for the
 purpose of delay.
 
 
 § 16-4-201.5(2). This language is, in all material
 aspects, identical to article II, section 19(2.5)(b) of the
 Colorado Constitution, indicating that section 16-4-201.5(2)
 effectively codified the postconviction bail provisions and
 exceptions
 
 10
 
 found in article II, section 19(2.5)(b) of the Colorado
 Constitution.[4] Importantly, both section 16-4-201.5(2)
 and article II, section 19(2.5)(b) are not qualified as
 applying to only district courts. Rather, both use the
 general term "court."
 
 
          ¶16
 The county court thus lacked discretion, on multiple grounds,
 to grant Lewis bail once he was convicted, and the court
 found that he posed a danger to the community. Having found
 that Lewis presented a danger to the community, both article
 II, section 19 and section 16-4-201.5(2) prohibited the
 county court from granting Lewis an appeal bond.
 
 
          ¶17
 Lewis responds that section 16-2-114(6), Crim. P. 37(f), and
 our decision in Steen required the county court to
 grant his request for a stay of execution pending appeal-and
 that the county court was required to grant him an appeal
 bond as well. We disagree.
 
 
          ¶18
 Section 16-2-114 and Crim. P. 37 govern appeals of
 misdemeanor convictions entered in county court.
 Steen, ¶ 17, 318 P.3d at 492. Relevant here,
 
 11
 
 under section 16-2-114(6), "a stay of execution shall be
 granted by the county court upon request." See
 also Crim. P. 37(f) (same).
 
 
          ¶19
 In Steen, a county court defendant was sentenced, in
 part, to probation, and the county court denied the
 defendant's request to stay the execution of his
 probationary sentence pending appeal. ¶¶ 3-4, 318
 P.3d at 489. This court then issued an order to show cause
 under C.A.R. 21 to resolve a conflict between section
 16-2-114(6), which states that "a stay of execution
 shall be granted by the county court upon request," and
 section 16-4-201(2), which states that "[t]he trial
 court, in its discretion, may grant a stay of
 probation." Steen, ¶ 11, 318 P.3d at
 490-91. We reasoned that because section 16-2-114(6)
 expressly governs appeals from a county court, its mandatory
 language controlled in that case. Steen, ¶ 23,
 318 P.3d at 493. Accordingly, we held that section
 16-2-114(6) and Crim. P. 37(f) (which contains identical
 mandatory language) "require a county court, upon
 request, to grant a stay of execution of a defendant's
 sentence pending appeal of a misdemeanor conviction to the
 district court." Steen, ¶¶ 23, 26,
 318 P.3d at 493-94.
 
 12
 
          ¶20
 Steen makes clear that section 16-2-114(6) and Crim.
 P. 37(f) require the county court to grant Lewis's
 request to stay the execution of his sentence.[5] But we disagree
 with Lewis that section 16-2-114(6) requires the county court
 to grant him an appeal bond. Section 16-2-114(6) says,
 "If a sentence of imprisonment has been imposed, the
 defendant may be required to post bail."
 (Emphasis added). By its express wording, section 16-2-114(6)
 does not require bail to be granted.[6] This case thus does not
 present a statutory conflict similar to that in
 Steen. Rather, there is no conflict between section
 16-2-114(6)'s stay requirement and section
 16-4-201.5(2)'s appeal bond exceptions. Indeed, county
 courts can comply with the requirements of both statutes.
 
 
          ¶21
 This is because stays of execution and bail are separate
 processes. In other words, a court can stay the execution of
 a sentence while also denying bail. Other statutory
 provisions make this distinction apparent. For example,
 section 16-4-201(1)(a) says that a convicted defendant may
 move for an appeal bond "during any stay of execution or
 pending review by an appellate court." This
 
 13
 
 language would be meaningless if stays of execution
 automatically resulted in the defendant receiving an appeal
 bond. Additionally, section 16-11-307(1)(b), C.R.S. (2023),
 deals with situations where a defendant's sentence is
 stayed but bail is denied:
 
 
 A defendant whose sentence is stayed pending appeal after
 July 1, 1972, but who is confined pending disposition of the
 appeal, is entitled to credit against the term of his
 sentence for the entire period of such confinement, and this
 is so even though the defendant could have elected to
 commence serving his sentence before disposition of his
 appeal.
 
 
          If bail
 were required whenever a court stayed execution of a
 defendant's sentence pending appeal, section
 16-11-307(1)(b) would be superfluous. We avoid such
 constructions. See Howell, ¶ 8, 550 P.3d at
 683.
 
 
          ¶22
 Lewis also argues that the denial of an appeal bond to
 defendants seeking review of their county court convictions
 raises "the specter of a useless appeal" that we
 cautioned against in Steen, ¶ 24, 318 P.3d at
 494. We disagree. Section 16-4-204 provides a specific
 appellate process for defendants who are denied an appeal
 bond. See People v. Jones, 2015 CO 20, ¶ 15,
 346 P.3d 44, 49. In Jones, ¶ 1, 346 P.3d at 46,
 we noted that section 16-4-204 appeals are expedited. As a
 practical matter, this makes sense. See C.A.R. 2
 (permitting an appellate court, for good cause, to suspend
 the typical requirements of the appellate rules and expedite
 an appeal).
 
 14
 
          ¶23
 Notably, section 16-4-204 creates the exclusive appellate
 process for review of appeal bond rulings:
 
 
 After entry of an order pursuant to section 16-4-109[, C.R.S.
 (2023),] or 16-4-201, the defendant or the state may seek
 review of said order by filing a petition for review in the
 appellate court. If an order has been entered pursuant to
 section 16-4-104[, C.R.S. (2023)], 16-4-109, or 16-4-201, the
 petition shall be the exclusive method of appellate review.
 
 
          Although
 section 16-4-204 does not expressly refer to rulings under
 section 16-4-201.5, the statutory scheme as a whole makes it
 clear that section 16-4-204 also provides the exclusive
 method for appealing rulings under section 16-4-201.5.
 See Martin v. People, 27 P.3d 846, 851 (Colo. 2001)
 ("We 'must read and consider the statutory scheme as
 a whole to give consistent, harmonious and sensible effect to
 all its parts.'" (quoting Charnes v. Boom,
 766 P.2d 665, 667 (Colo. 1988))). Section 16-4-204(1)
 provides that "the defendant or the state may
 seek review" of an appeal bond ruling. (Emphasis added).
 Section 16-4-201, while giving courts discretion over appeal
 bond motions, only contemplates granting or modifying appeal
 bonds. See § 16-4-201(1)(a). Conversely,
 section 16-4-201.5 only contemplates denying appeal bonds.
 Therefore, in order for either "the defendant or the
 state" to appeal a trial court's appeal bond ruling,
 as required by section 16-4-204(1), rulings under both
 section 16-4-201 and -201.5 must be appealable. Section
 16-4-204 thus provides the exclusive manner of appealing
 denials of appeal bonds under section 16-4-201.5.
 
 15
 
          V.
 Conclusion
 
 
          ¶24
 In sum, a defendant who is convicted in county court of a
 misdemeanor offense and is sentenced to a term of
 imprisonment is not necessarily entitled to an appeal bond.
 The postconviction bail exceptions in section 16-4-201.5 and
 in article II, section 19 of the Colorado Constitution
 prohibit a county court from granting bail where the
 defendant poses a danger to an individual or the community.
 This is so even though section 16-2-114(6), Crim. P. 37(f),
 and Steen require a county court, upon request, to
 stay the execution of a defendant's sentence pending
 appeal. Further, section 16-4-204 provides the exclusive
 method of appeal for trial court rulings on appeal bonds
 under section 16-4-201.5.
 
 
          ¶25
 We discharge the order to show cause and remand this case to
 the county court for further proceedings consistent with this
 opinion.
 
 
 ---------
 
 
 Notes:
 
 
 [1] The county court held that Lewis's
 convictions under counts one and three merged and that his
 convictions under counts two and four merged because in each
 instance they were based on identical acts.
 
 
 [2] The county court also reasoned that
 any appeal regarding Lewis's sentence would be frivolous.
 See § 16-4-201.5(2)(b) ("The court shall
 not set bail that is otherwise allowed . . . unless the court
 finds that . . . [t]he appeal is not frivolous or is not
 pursued for the purpose of delay."). Because we conclude
 that, under section 16-4-201.5(2)(a) and article II, section
 19 of the Colorado Constitution, the county court's
 finding that Lewis posed a danger to the community prohibited
 the court from granting him an appeal bond, we need not
 address this additional basis for the county court's
 ruling.
 
 
 [3] Lewis has since filed a notice of
 appeal seeking review of his convictions in the District
 Court, City and County of Denver. However, that appeal has
 been stayed pending resolution of these proceedings.
 
 
 [4] Witness testimony at the House
 Judiciary Committee hearing for H.B. 99-1162, which first
 enacted section 16-4-201.5(2), reflects that the General
 Assembly codified article II, section 19(2.5)(b) to signal to
 attorneys and judges that these bail exceptions exist, given
 that it is unusual for bail exceptions to be located in a
 constitutional provision. Hearing on H.B. 1162 before the H.
 Judiciary Comm., 62d Gen. Assemb., 1st Sess. (Feb. 2, 1999)
 (statements of Bob Grant, Dist. Att'y, 17th Jud.
 Dist.).
 
 
 [5] The record on appeal is unclear on
 whether the county court granted Lewis's request to stay
 the execution of his sentence. To the extent that Lewis's
 request was denied, we direct the court on remand to grant
 his request to stay the execution of his sentence pending
 appeal, subject to modification by the district court.
 See Steen, ¶ 25, 318 P.3d at 494; §
 16-2-114(6); Crim. P. 37(f).
 
 
 [6] We therefore also reject Lewis's
 argument that section 16-2-114(6) establishes a bond specific
 to county courts (as opposed to an appeal bond) that must be
 granted in conjunction with a stay of execution.
 
 
 ---------