24CA1158 Peo v Cendejas 11-06-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA1158
Arapahoe County District Court No. 12CR1021
Honorable Darren L. Vahle, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Rodolfo Cendejas,

Defendant-Appellant.

ORDER AFFIRMED

Division IV
Opinion by JUDGE SCHOCK
Harris and Johnson, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced November 6, 2025

Philip J. Weiser, Attorney General, Katharine Gillespie, Senior Assistant
Attorney General, Denver, Colorado, for Plaintiff-Appellee

Rodolfo Cendejas, Pro Se

¶ 1     Defendant, Rodolfo Cendejas, appeals the district court's order denying his postconviction motion without a hearing.  We affirm.

## I.     Background

¶ 2     Cendejas was convicted of fifteen counts of sexual assault on a child (pattern of abuse), one count of sexual assault on a child, and sixteen counts of aggravated incest.  He was sentenced to an aggregate sentence of 120 years to life in the custody of the Department of Corrections, plus mandatory lifetime parole.

¶ 3     The convictions were affirmed on direct appeal.  *See People v. Cendejas*, (Colo. App. No. 13CA2070, May 25, 2017) (not published pursuant to C.A.R. 35(e)).  The mandate was issued in April 2018.

¶ 4     Over the next three years, Cendejas filed multiple unsuccessful postconviction motions, including a Crim. P. 35(b) motion to reconsider his sentence, filed in August 2018; a motion for an abbreviated proportionality review of his sentence, filed in March 2021; and a motion for review of his sentence alleging that his sentence was illegal and unconstitutional, filed in April 2021.  Cendejas did not appeal the district court rulings on any of them.

¶ 5     In June 2024, Cendejas filed the postconviction motion at issue in this appeal.  Captioned a "motion to correct illegal

sentence," Cendejas argued that his sentence was illegal because section 16-11.7-103, C.R.S. 2025, allows the Sex Offender Management Board (SOMB) to compel sex offender treatment in violation of an offender's due process and Fifth Amendment rights. He asserted that his motion was not subject to any time bars because it alleged an illegal sentence claim under Crim. P. 35(a), Crim. P. 35(c)[(2)](IV), and section 18-1-410(1)(d), C.R.S. 2025.

¶ 6      The district court denied the motion without a hearing, concluding that (1) Cendejas's claim was properly construed as a Crim. P. 35(c) claim, not a Crim. P. 35(a) claim; and (2) so construed, the motion was time barred because it was filed more than three years after the mandate in Cendejas's direct appeal.

## II.      Analysis

¶ 7      Cendejas contends that the district court erred by denying his postconviction motion without a hearing.  Again characterizing his motion as one to correct an illegal sentence under Crim. P. 35(a), he asserts that it was not subject to any time bar because an illegal sentence may be corrected "at any time."  Crim. P. 35(a).  Reviewing the issue de novo, *People v. Cali*, 2020 CO 20, ¶ 14, we disagree.

¶ 8     The substance of a motion, not its label, determines whether it falls under Crim. P. 35(a) or Crim. P. 35(c). *People v. Collier*, 151 P.3d 668, 670 (Colo. App. 2006). A sentence is "not authorized by law" for purposes of Crim. P. 35(a) when it is inconsistent with the statutory scheme. *Tennyson v. People*, 2025 CO 31, ¶ 25; *see also People v. Baker*, 2019 CO 97M, ¶ 19 ("[A] sentence is not authorized by law within the meaning of Rule 35(a) if any of the sentence's components fail to comply with the sentencing statutes."). In contrast, a challenge to the constitutionality of the conviction or sentence falls under Crim. P. 35(c). *See Collier*, 151 P.3d at 670.

¶ 9     Cendejas's motion did not argue that any component of his sentence violated the statutory sentencing scheme. Instead, he argued that the sentencing scheme itself is unconstitutional because SOMB-compelled sex offender treatment violates sex

offenders' constitutional rights. Such a claim arises under Crim. P. 35(c)(2)(I), not Crim. P. 35(a).[1] *See Collier*, 151 P.3d at 670.

¶ 10 Crim. P. 35(c) claims are subject to section 16-5-402(1), C.R.S. 2025, which generally imposes a three-year deadline to collaterally attack any non-class 1 felony conviction. *Collier*, 151 P.3d at 671. When a defendant's judgment of conviction is affirmed on appeal, the three-year time frame begins when the mandate is issued after the appeal. *People v. Hampton*, 876 P.2d 1236, 1241 (Colo. 1994).

¶ 11 Cendejas's judgment of conviction became final on April 11, 2018, when this court issued its mandate affirming his conviction. Cendejas therefore had until April 11, 2021, to collaterally attack his conviction or sentence under Crim. P. 35(c). His motion, filed in June 2024, was more than three years too late and did not allege any of the exceptions to the time limitation in section 16-5-402(2).

---

[1] Cendejas's citations to section 18-1-410(1)(d), C.R.S. 2025, and the now-repealed Crim. P. 35(c)(2)(IV) are equally inapposite. These provisions address a claim that the sentence imposed exceeded the maximum authorized by law or is otherwise not in accordance with the sentence authorized by law — a claim that arises under the current version of Crim. P. 35(a). *See People v. Wenzinger*, 155 P.3d 415, 418-19 (Colo. App. 2006) (interpreting current version of Crim. P. 35(a) to codify prior case law defining "illegal sentence").

¶ 12    Thus, because Cendejas's motion was untimely, the district court properly denied it without a hearing.  *See Collier*, 151 P.3d at 671; *see also People v. Slusher*, 43 P.3d 647, 651 (Colo. App. 2001) (holding that a hearing was unnecessary when the defendant's postconviction motion was time barred and he "failed to allege facts amounting to justifiable excuse or excusable neglect").  Having so concluded, we need not address the People's alternative arguments that the motion was successive or otherwise fails on the merits.

### III.    Disposition

¶ 13    The order is affirmed.

JUDGE HARRIS and JUDGE JOHNSON concur.